WILLIAM L. STERN (CA SBN 96105)
WStern@mofo.com
WILLIAM F. TARANTINO (CA SBN 215343)
WTarantino@mofo.com
LISA A. WONGCHENKO (CA SBN 281782)
LWongchenko@mofo.com
LAUREN WROBLEWSKI (CA SBN 291019)
LWroblewski@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone:   415.268.7000
Facsimile:   415.268.7522

Attorneys for Defendant
LUMBER LIQUIDATORS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MICHAEL BALERO, MICHAEL BALLERINI, AND LISA MILLER, on their own behalf and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>       v.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation, and DOES ONE through TEN inclusive,<br><br>            Defendants. | Case No.<br><br>**DEFENDANT LUMBER LIQUIDATORS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1441, 1446, AND 1453**<br><br>[Alameda Superior Court Case No. RG14751116] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Lumber Liquidators, Inc., by and through its undersigned counsel, hereby removes this case from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California. Defendant denies the allegations and damages claimed in the complaint, and files this notice without waiving any defenses, exceptions, or obligations that may exist in its favor in either state or federal court.

## TIMELINESS OF REMOVAL

1. On December 11, 2014, Plaintiffs Joseph Michael Balero, Michael Ballerini, and Lisa Miller filed a civil action in the Superior Court of the State of California, County of Alameda, entitled *Balero v. Lumber Liquidators, Inc., et al.*, Case No. RG14751116. On January 12, 2015, Plaintiffs filed a First Amended Complaint ("FAC"). Plaintiffs bring causes of action for violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, the false advertising law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, and the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, as well as for breach of express warranty, Cal. Uniform Com. Code § 2313, and declaratory relief, Cal. Civ. Proc. Code § 1060.

2. Plaintiffs' service on Defendant of a copy of the summons and FAC was deemed complete by Defendant's execution of an acknowledgement of receipt on February 2, 2015. A true and correct copy of the summons and FAC, along with "all [remaining] process, pleadings and orders served upon" Defendant to date while this action was pending in Alameda Superior Court, are attached hereto as Exhibit A. 28 U.S.C. § 1446(a).

3. Defendant's removal notice is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after service of the summons and FAC upon Defendant on February 2, 2015.

## VENUE

4. The Superior Court of the State of California, County of Alameda, is located

within the Northern District of California. 28 U.S.C. § 84(a). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## INTRADISTRICT ASSIGNMENT

6.     Assignment to the San Francisco Division or Oakland Division of the Northern District is appropriate pursuant to Local Rule 3-2(d), which states that "civil actions which arise in the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma shall be assigned to the San Francisco Division or the Oakland Division." The state court action that Defendant removes is pending in Alameda County Superior Court.

## BASIS FOR REMOVAL JURISDICTION

7.     *Generally.* This action is a civil class action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441, 1446, and 1453. This is a putative class action in which at least one member of the class of plaintiffs is a citizen of a state different from that of Defendant, the number of members of the putative class of plaintiffs is more than 100, and the amount in controversy, if Plaintiffs prove their allegations, exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

8.     *Covered Class Action.* The Class Action Fairness Act ("CAFA") defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The present action is a "class action" for purposes of 28 U.S.C. § 1332(d)(2)(A) because Plaintiffs bring this action individually and on behalf of all individuals in California who since January 1, 2011, "purchased from Defendant one or more Chinese-made laminate wood flooring products, advertised as [California Air Resources Board ("CARB")] compliant" and because Plaintiffs request class recovery pursuant to California Code of Civil Procedure section 382. (First Am. Compl. ("FAC") ¶ 68; *see id.* ¶¶ 71-74 (addressing numerosity, commonality, typicality, adequacy, and superiority requirements).)

9.     *Diversity.* The diversity requirement of § 1332(d) is satisfied when any member

of a class of plaintiffs is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

a. The named Plaintiffs, Joseph Michael Balero, Michael Ballerini, and Lisa Miller, are residents and citizens of the state of California. (FAC ¶¶ 15-17.)

b. Defendant is a corporation organized and existing under the law of the state of Delaware, with its principal place of business located in Toano, Virginia. (*Id.* ¶ 19.) Therefore, Defendant is a citizen of the states of Delaware and Virginia. *See* 28 U.S.C. § 1332(c)(1).

c. The citizenship of defendants sued as "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

10. <u>The Proposed Class Exceeds 100 Members.</u> The FAC on its face concedes that the number of putative class members exceeds 100, as required under 28 U.S.C. § 1332(d)(5)(B). Plaintiffs allege that the putative class action consists of all individuals in California who since January 1, 2011 "purchased from Defendant one or more Chinese-made laminate wood flooring products, advertised as CARB compliant." (FAC ¶ 68.) Plaintiffs further allege that they "believe that there are thousands of class members." (*Id.* ¶ 69.) Therefore, the proposed class exceeds CAFA's 100-member threshold.

11. <u>Matter in Controversy.</u> Pursuant to 28 U.S.C. § 1332(d)(2), this Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs." As provided in 28 U.S.C. § 1332(d)(6), "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."

a. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). No submission of evidence accompanying the removal notice is required. *Owens*, 135 S. Ct. at 554. Defendant does not concede that it is liable to Plaintiffs or the purported class in any amount, or at all. Nevertheless, without conceding the merit of Plaintiffs'

allegations, a fair reading of the FAC demonstrates that the "matter in controversy" well exceeds the sum or value of $5,000,000 for purposes of removal.

      b.      In the FAC, Plaintiffs request "[r]estitution of all money and/or property that Plaintiffs and Class Members provided to Defendant for the purchase and installation of Defendant's laminate wood flooring products that were sold in violation of [the law]." (FAC Prayer for Relief ¶ E.) Sales in California of the 23 laminate floor products challenged in the FAC since January 1, 2011, exceeded $5,000,000.

      c.      In light of Plaintiffs' demands for restitution of the total purchase price paid to Defendant for laminate flooring, the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs. Therefore, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, this action is removable.

      12.      <u>No CAFA Exceptions.</u> The action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d) because Defendant is not a citizen of California, the state in which the action originally was filed, and no other exclusion applies.

### CONSENT AND JOINDER

      13.      No consent is necessary as to the defendants Does 1 through 100 who are not named in the complaint and have not been served. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1266 (9th Cir. 1992); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), *superseded in part by statute as stated in Ethridge v. Harbor House Rest.*, 861 F.2d 1389 (9th Cir. 1988).

### NOTICE TO STATE COURT AND PLAINTIFF

      14.      Counsel for Defendant certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Alameda, and served on Plaintiffs promptly.

LUMBER LIQUIDATORS, INC.'S NOTICE OF REMOVAL
sf-3504506

4

Dated: March 3, 2015

MORRISON & FOERSTER LLP

By: /s/ William L. Stern
WILLIAM L. STERN

Attorneys for Defendant
LUMBER LIQUIDATORS, INC.