# Exhibit A

1   Linda M. Dardarian (SBN 131001)
    ldardarian@gbdhlegal.com
2   Andrew P. Lee (SBN 245903)
    alee@gbdhlegal.com
3   Megan E. Ryan (SBN 264922)
    mryan@gbdhlegal.com
4   GOLDSTEIN, BORGEN, DARDARIAN & HO
    300 Lakeside Drive, Suite 1000
5   Oakland, CA 94612
    Tel:  (510) 763-9800
6   Fax:  (510) 835-1417

7   Michael R. Lozeau (SBN 142893)
    michael@lozeaudrury.com
8   Richard T. Drury (SBN 163559)
    richard@lozeaudrury.com
9   LOZEAU | DRURY LLP
    410 12th Street, Suite 250
10  Oakland, CA 94607
    Tel:  (510) 836-4200
11  Fax:  (510) 836-4205

12  Attorneys for Plaintiffs

**FILED**
ALAMEDA COUNTY

DEC 11 2014

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                  FOR THE COUNTY OF ALAMEDA

15  JOSEPH MICHAEL BALERO, MICHAEL          Case No.:  R G 1 4 7 5 1 1 1 6
    BALLERINI, AND LISA MILLER, on their own
16  behalf and on behalf of all others similarly situated,   CLASS ACTION

17          Plaintiffs,                     COMPLAINT FOR RESTITUTION,
                                            DAMAGES, AND INJUNCTIVE RELIEF
18  vs.
                                            1.  **UNLAWFUL BUSINESS ACTS OR**
19  LUMBER LIQUIDATORS, INC., a Delaware        **PRACTICES (Cal. Bus. & Prof. Code**
    corporation, and DOES ONE through TEN       **§ 17200 et seq.);**
20  inclusive,                              2.  **FRAUDULENT BUSINESS ACTS OR**
                                               **PRACTICES (Cal. Bus. & Prof. Code**
21          Defendants.                        **§ 17200 et seq.);**
                                            3.  **UNFAIR BUSINESS ACTS OR**
22                                             **PRACTICES (Cal. Bus. & Prof. Code**
                                               **§ 17200 et seq.);**
23                                          4.  **FALSE ADVERTISING LAW (Cal. Bus.**
                                               **& Prof. Code § 17500 et seq.);**
24
                                            5.  **CONSUMER LEGAL REMEDIES ACT**
25                                             **(Cal. Civ. Code § 1750 et seq.);**
                                            6.  **BREACH OF EXPRESS WARRANTY**
26                                             **(Cal. Uniform Com. Code § 2313)**
27                                          7.  **DECLARATORY RELIEF**

                                            **DEMAND FOR JURY TRIAL**
28

Plaintiffs Joseph Michael Balero, Michael Ballerini, and Lisa Miller ("Plaintiffs"), on behalf of themselves and all others similarly situated (hereinafter "Class Members"), bring this class action against Lumber Liquidators, Inc. ("Defendant" or "Lumber Liquidators") and DOES ONE through TEN, inclusive, and complain and allege the following upon personal knowledge as to their own experiences, and based upon information and belief as to all other matters:

## I.   INTRODUCTION

1.    Defendant Lumber Liquidators, Inc. supervises and controls the manufacturing, and packages, distributes, markets and/or sells laminate wood flooring products to consumers in California. Defendant's labels on these laminate wood flooring products represent that the products comply with strict formaldehyde emission standards promulgated by the California Air Resources Board ("CARB") and enumerated in California's Airborne Toxic Control Measure to Reduce Formaldehyde Emissions from Composite Wood Products ("CARB Regulations"). Cal. Code Regs. tit. 17, §§ 93120-93120.12. Formaldehyde is a substance known to the State of California to cause cancer. However, laminate wood flooring products that are manufactured in China and sold by Lumber Liquidators to consumers in California emit formaldehyde gas at levels that exceed the strict limits set forth in the CARB standards. Defendant fails to disclose the unlawful level of formaldehyde emission to consumers. Hence, California consumers are buying flooring products from Defendant that should not be distributed or sold in California. They are also buying flooring products from Defendant that Defendant says are safe when in fact they are not.

2.    Exposure to formaldehyde is linked to increased risk of cancer of the nose and sinuses, nasopharyngeal and oropharyngeal cancer, lung cancer, and leukemia. Formaldehyde also causes burning eyes, nose and throat irritation, coughing, headaches, dizziness, joint pain and nausea. Formaldehyde has also been linked to the exacerbation of asthma in formaldehyde-sensitive individuals.

3.    Laminate wood flooring is generally composed of a base layer of pressed composite wood (particle board or medium-density fiberboard), which is a mixture of sawdust or wood particles bonded together with glue or resin, and a top layer which is usually a veneer or other material such as a photographic image or picture of wood, affixed as a decorative surface. The CARB Regulations

1

549876.24

1    categorize medium density fiberboard as either "MDF," which has a thickness of greater than 8 mm, or

2    "Thin MDF," which has a thickness of 8mm or less.  Cal. Code Regs. tit. 17, §§ 93120.

3        4.    Inexpensive laminate wood flooring, often produced in China, can be a significant

4    source of formaldehyde gas emissions since formaldehyde glues and resins are used to hold the pressed

5    wood together.

6        5.    Lumber Liquidators supervises and controls the manufacturing of laminate wood

7    flooring products from several manufacturing plants in China.  Lumber Liquidators sells those

8    laminate wood flooring products at Lumber Liquidators' 37 retail stores in California.  Defendant also

9    sells those laminate wood flooring products to California consumers through Lumber Liquidators'

10   retail website, www.lumberliquidators.com, and through its toll free customer service telephone line,

11   1-800-HARDWOOD (1-800-427-3966).

12       6.    From October 2013 through November 2014, three certified and accredited laboratories

13   tested the formaldehyde emissions of laminate wood flooring purchased from several nationwide retail

14   outlets, including Home Depot, Lowe's, and Lumber Liquidators.  Of the dozens of products tested, by

15   far the highest formaldehyde levels were found in the laminate wood flooring sold by Lumber

16   Liquidators that was produced in China.  Similar products manufactured in North America generally

17   had much lower formaldehyde levels that complied with the formaldehyde emission standards

18   promulgated by CARB.  Similar products tested from Lumber Liquidators' competitors also showed

19   significantly lower formaldehyde levels that generally complied with the CARB formaldehyde

20   emission standards.

21       7.    Over the past several months, a sample of each available brand of Chinese-made

22   laminate wood flooring product that Defendant sells in California was tested by a certified laboratory

23   using the testing methodology specified by CARB.  As set forth in paragraph 27 below, each sampled

24   product exceeded the CARB limit for formaldehyde emissions.

25       8.    Consistent with this pattern of test results showing that Lumber Liquidators' laminate

26   wood flooring products exceed the CARB formaldehyde emission limits, on or about October 17,

27   2014, laminate wood flooring that Plaintiffs Joseph Michael Balero, Michael Ballerini, and Lisa Miller

28

2

549876.24

1  purchased from Lumber Liquidators in California was also tested by a certified laboratory using CARB

2  testing methodology.  Each of those products exceeded the CARB limits for formaldehyde emissions.

3      9.    Lumber Liquidators does not give consumers any warnings about unlawful

4  formaldehyde levels in its laminate wood flooring products, but instead represents on its product

5  labels, website, and warranties that its flooring products comply with strict formaldehyde standards.

6  Lumber Liquidators has made false and misleading statements that its flooring products comply with

7  CARB formaldehyde standards, and the even more stringent European formaldehyde standards.

8  Lumber Liquidators' website falsely states, "we not only comply with laws-we exceed them."  Highest

9  Quality Flooring.  GUARANTEED., lumberliquidators.com,

10  http://www.lumberliquidators.com/ll/flooring/quality?WT.ad=GLOBAL_FOOTER_Quality (last

11  visited on December 10, 2014).

12      10.    Plaintiffs seek to represent themselves and similarly-situated persons in California who

13  have purchased Defendant's laminate wood flooring products that were manufactured in China,

14  labeled as CARB compliant, and sold to consumers in California at any time from January 1, 2011

15  through the date of judgment herein ("the putative class").  Pursuant to California Business &

16  Professions Code §§ 17203, 17500 *et seq.*, Plaintiffs seek restitution of monies they and the putative

17  class spent on Defendant's flooring products.  Pursuant to California Business & Professions Code

18  § 17203 and California Civil Code § 1780, Plaintiffs seek injunctive relief enjoining Defendant's

19  ongoing unlawful, unfair, and fraudulent business practices.  Pursuant to California Uniform

20  Commercial Code § 2313, Plaintiffs seek damages on behalf of themselves and the putative class.

21  ## II.    JURISDICTION AND VENUE

22      11.    This Court has jurisdiction over this action pursuant to California Constitution Article

23  VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given

24  by statute to other trial courts."  The statutes under which this action is brought do not specify any

25  basis for jurisdiction in another trial court.

26      12.    This Court has jurisdiction over Defendant because Defendant is a business that has

27  sufficient minimum contacts with California, or otherwise intentionally avails itself of the California

28  market through the distribution and sale of laminate wood flooring products in the State of California

1 | to render the exercise of jurisdiction over it by the California courts consistent with traditional notions

2 | of fair play and substantial justice.

3 |     13.    The Court has jurisdiction over Doe Defendants because they conduct business within

4 | the state of California.

5 |     14.    Venue is proper in this Court because Defendant has sold laminate wood flooring

6 | products to Plaintiffs Balero, Ballerini, and members of the putative class in the County of Alameda.

7 | Additionally, Plaintiffs Balero, Ballerini, and members of the putative class who purchased

8 | Defendant's laminate wood flooring products reside in the County of Alameda.

9 | ### III.    <u>PARTIES</u>

10 |     15.    Plaintiff Joseph Michael Balero ("Plaintiff Balero") is, and at all relevant times has

11 | been, a resident of Alameda County, California.  On March 3, 2013, Mr. Balero purchased 8 mm

12 | Dream Home Nirvana French Oak Laminate Flooring at a Lumber Liquidators store located in

13 | Alameda County.

14 |     16.    Michael Ballerini ("Plaintiff Ballerini") is, and at all relevant times has been, a resident

15 | of Alameda County, California.  On January 11, 2014, Plaintiff Ballerini purchased 8 mm Dream

16 | Home Nirvana Royal Mahogany Laminate Flooring at a Lumber Liquidators store located in Alameda

17 | County.

18 |     17.    Plaintiff Lisa Miller ("Plaintiff Miller") is, and at all relevant times has been, a resident

19 | of Solano County, California.  On May 26, 2012 and February 26, 2014, Plaintiff Miller purchased 12

20 | mm Dream Home Ispiri America's Mission Olive Laminate Flooring at a Lumber Liquidators store

21 | located in Contra Costa County.

22 |     18.    The Plaintiffs are all consumers within the meaning of California Civil Code § 1761.

23 |     19.    Defendant Lumber Liquidators Inc. is a Delaware corporation with its headquarters and

24 | principal place of business in Toano, Virginia.  Lumber Liquidators, Inc. distributes, markets, and/or

25 | sells laminate wood flooring products in California.  Lumber Liquidators, Inc. sells goods within the

26 | meaning of California Civil Code § 1761.

27 |     20.    Lumber Liquidators is one of the largest specialty retailers of hardwood flooring in the

28 | United States, with over 300 retail stores in 46 states, including 37 stores in California.

549876.24

21. Defendants DOES ONE through TEN inclusive are sued herein pursuant to California Code of Civil Procedure § 474.

## IV.     FACTUAL ALLEGATIONS

### A.     California's Formaldehyde Standard

22. On January 1, 1988, the State of California officially listed Formaldehyde (gas) as a chemical known to cause cancer.

23. In 1992, the CARB formally listed formaldehyde as a Toxic Air Contaminant in California with no safe level of exposure.

24. The CARB approved the Airborne Toxic Control Measure to Reduce Formaldehyde Emissions from Composite Wood Products in April 2007. The formaldehyde emission standards became effective January 2009 and set decreasing limits in two Phases. Cal. Code Regs., tit. 17, § 93120.2(a).

25. The CARB Regulations apply to composite wood ("laminate") products including flooring. Cal. Code Regs., tit. 17, § 93120.2(a).

26. The CARB Phase 1 Emission Standard for MDF, which was in effect from January 1, 2009 to December 31, 2010, limited formaldehyde emissions to .21 parts per million ("ppm"). The Phase 2 Emission Standard for MDF dictates that as of January 1, 2011, MDF flooring products such as those involved in this action that are sold in California must emit no more than 0.11 parts per million ("ppm") of formaldehyde. The CARB Phase 1 Emission Standard for Thin MDF, which was in effect from January 1, 2009 to December 31, 2011, limited formaldehyde emissions to .21 ppm. The CARB Phase 2 Emission Standard for Thin MDF dictates that as of January 1, 2012, thin MDF flooring products such as those involved in this action that are sold in California must emit no more than 0.13 ppm of formaldehyde. Cal. Code Regs., tit. 17, § 93120.2(a). Hereinafter, the formaldehyde emission standards for both MDF and Thin MDF will be referred to as the "CARB limit.")

### B.     Lumber Liquidators' Laminate Wood Flooring Products

27. Defendant supervises and/or controls the manufacturing and packaging of laminate wood flooring products in China that Defendant then distributes, markets, and/or sells in California. Those laminate wood flooring products contain formaldehyde and emit formaldehyde gas at levels that

5

549876.24

1  exceed, and sometimes grossly exceed, the CARB limit. Those laminate wood flooring products

2  include the following:

3      a.   8 mm Dream Home Nirvana Royal Mahogany Laminate Flooring (the product

4            purchased by Plaintiff Ballerini);

5      b.   8 mm Dream Home Nirvana French Oak Laminate Flooring (the product

6            purchased by Plaintiff Balero);

7      c.   12 mm Dream Home Ispiri Poplar Forest Oak Laminate Flooring (the product

8            purchased by Plaintiff Miller);

9      d.   12 mm Dream Home Kensington Manor Antique Bamboo Laminate Flooring;

10      e.   12 mm Dream Home St. James Oceanside Plank Laminate Flooring;

11      f.   12 mm Dream Home Kensington Manor Warm Springs Chestnut Laminate

12            Flooring;

13      g.   15 mm Dream Home St. James Sky Lakes Pine Laminate Flooring;

14      h.   12 mm Dream Home Kensington Manor Imperial Teak Laminate Flooring;

15      i.   12 mm Dream Home St. James Vintner's Reserve Laminate Flooring;

16      j.   12 mm Dream Home Kensington Manor Cape Doctor Laminate Flooring;

17      k.   12 mm Dream Home St. James Golden Acacia Laminate Flooring;

18      l.   12 mm Dream Home Kensington Manor Sandy Hills Hickory Laminate

19            Flooring;

20      m.   12 mm Dream Home Kensington Manor Tanzanian Wenge Laminate Flooring;

21      n.   12 mm Dream Home Ispiri America's Mission Olive Laminate Flooring;

22      o.   12 mm Dream Home Kensington Manor Golden Teak Laminate Flooring;

23      p.   12 mm Dream Home Kensington Manor Summer Retreat Teak Laminate

24            Flooring;

25      q.   12 mm Dream Home Kensington Manor Glacier Peak Poplar Laminate

26            Flooring;

27      r.   12 mm Dream Home St. James Brazilian Koa Laminate Flooring;

28      s.   12 mm Dream Home St. James Blacksburg Barn Board Laminate Flooring;

549876.24

t.   12 mm Dream Home St. James Nantucket Beech Laminate Flooring;

u.   12 mm Dream Home St. James Chimney Rock Charcoal Laminate Flooring;

v.   12 mm Dream Home St. James African Mahogany Laminate Flooring;

w.   12 mm Dream Home Kensington Manor Fumed African Ironwood Laminate Flooring.

28.   CARB regulations apply to all of these flooring products.

29.   On information and belief, each of the Lumber Liquidators' laminate wood flooring products listed in paragraph 27 above are manufactured in China using a common formula, design or process.

30.   On information and belief, each of the Lumber Liquidators' laminate wood flooring products listed in paragraph 27 above emit formaldehyde gas at levels that exceed the CARB limit.

## V.   LUMBER LIQUIDATORS MISREPRESENTS THAT ITS LAMINATE WOOD FLOORING PRODUCTS MEET CARB STANDARDS

31.   Despite unlawful levels of formaldehyde emissions from its laminate wood flooring products, Defendant misrepresent to consumers on their website, product packaging, and warranties that their laminate wood flooring products meet the CARB standards for formaldehyde emissions.

32.   Lumber Liquidators' website leads consumers to believe that the company's laminate wood flooring products comply with the CARB formaldehyde standards when they do not.  The website states as follows:

> Is Lumber Liquidators Compliant with the California law?
>
> Laminate and engineered flooring products sold by Lumber Liquidators are purchased from mills whose production method has been certified by a Third Party Certifier approved by the State of California to meet the CARB standards.  The scope of the certification by the Third Party Certifier includes the confirmation that the manufacturer has implemented the quality systems, process controls, and testing procedures outlined by CARB and that their products conform to the specified regulation limits.  The Third Party Certifier also provides ongoing oversight to validate the manufacturers' compliance and manufacturers must be periodically re-certified.
>
> Does CARB only apply to California?
>
> Though it currently applies only to products sold in California, Lumber Liquidators made a decision to require all of our vendors to comply with the California Air Resources Board regulations regardless of whether we

7

549876.24

intended to sell the products in California or any other state/country.

What extra steps does Lumber Liquidators take to ensure compliance?

In addition to the California Air Resources Board requirements, Lumber Liquidators regularly selects one or more finished products from each of its suppliers and submits them for independent third-party lab testing. This is done as a monitoring activity to validate ongoing quality control.

What are the California Air Resource Board Regulations?, lumberliquidators.com, http://www.lumberliquidators.com/ll/flooring/ca-air-resources-board-regulations?Wt.ad=GLOBAL_FOOTER_CaliRegCARB (last visited on December 10, 2014).

33.     In addition, the product packaging for Lumber Liquidators' laminate wood flooring

states: "CARB . . . Phase 2 Compliant Formaldehyde." On information and belief, this

statement is presented on all Lumber Liquidators' laminate flooring product packaging regardless of

whether the flooring inside the packaging complies with the CARB standards.



34.     Lumber Liquidators' purchase orders come with a warranty stating that the customer's

purchased flooring products comply "with all applicable laws, codes and regulations," and "bear all

warnings, labels, and markings required by applicable laws and regulations." Purchase Order Terms

and Conditions, lumberliquidators.com, http://www.lumberliquidators.com//ll/customer-care/potc800201 (last visited on December 10, 2014).

35.     Lumber Liquidators website guarantees the "highest quality" flooring, and states:

8

549876.24

"We inspect your flooring at every stage: before it's finished, during production, and as it's shipped. … **to ensure you get only the best.**"

Highest Quality Flooring. GUARANTEED., lumberliquidators.com, (http://www.lumberliquidators.com/ll/flooring/quality?WT.ad=GLOBA L_FOOTER_Quality (last visited on December 10, 2014) (emphasis in original).

36. Instead of warning consumers about formaldehyde emissions from its laminate wood flooring products, Lumber Liquidators' website states that it has Third Party Certifiers approve its flooring products to meet CARB standards.

Regulations and Lumber Liquidators' Compliance

The California Air Reform Bill (CARB) requires that products containing Hardwood Plywood Veneer Core (HWP-VC), Hardwood Plywood Composite Core (HWP-CC), Particleboard and MDF be tested for emissions and products not meeting the strict standards for emissions may not be sold in California.

The Environmental Protection Agency has drafted national standards for formaldehyde emissions in composite wood products that are similar to those of California. Those standards have not yet been enacted.

All laminates and engineered flooring products sold by Lumber Liquidators are purchased from mills whose production method has been certified by a Third Party Certifier approved by the State of California to meet the CARB standards. The scope of the certification by the Third Party Certifier includes the confirmation that the manufacturer has implemented the quality systems, process controls, and testing procedures outlined by CARB and that their products conform to the specified formaldehyde emission limits. The Third Party Certifier also provides ongoing oversight to validate the manufacturers' compliance and manufacturers must be periodically re-certified. Though it currently applies only to products sold in California, Lumber Liquidators made a decision to require all of our suppliers to comply with CARB regardless of whether we intended to sell the products in California or any other state/country. In addition, our suppliers manufacture their products in accordance with the European standard which has stricter guidelines than the California. In addition to the CARB requirements, Lumber Liquidators regularly selects one or more products from each of its suppliers and submits them for independent third-party lab testing. This is done as a monitoring activity to validate ongoing compliance.

Formaldehyde–What is it?. Lumberliquidators.com, http://www.lumberliquidators.com/ll/flooring/Flooring101-formaldehyde-what-is-it (last visited on December 10, 2014.)

37. Lumber Liquidators materially misrepresents the safety of its laminate wood flooring products by advertising its flooring products as compliant with the CARB limit when in fact they are not.

9

549876.24

38.   Lumber Liquidators makes the material omission of failing to tell consumers that they are buying laminate wood flooring products with unlawfully high levels of formaldehyde.

39.   These laminate wood flooring products have been sold by Defendant for use in California for over four years.

40.   Defendant continues to distribute and sell its laminate wood flooring products to customers in California with the representation that they are CARB compliant, even though they are not.

## VI.   LUMBER LIQUIDATORS KNOWINGLY MISREPRESENTS THE SAFETY OF ITS LAMINATE WOOD FLOORING PRODUCTS

41.   On information and belief, at all times relevant to this action, Lumber Liquidators has knowingly misrepresented its laminate wood flooring products as CARB compliant and knowingly failed to disclose to consumers the unlawful levels of formaldehyde emissions from its laminate wood flooring products.

42.   At the same time that Defendant is representing in its public statements to consumers that the laminate wood products it sells are sourced from mills whose production methods are CARB compliant and that the products conform to CARB's specified formaldehyde emission limits, Defendant has acknowledged in statements made to the Securities and Exchange Commission that, "While our suppliers agree to operate in compliance with applicable laws and regulations, including those relating to environmental and labor practices, we do not control our suppliers. Accordingly, we cannot guarantee that they comply with such laws and regulations or operate in a legal, ethical and responsible manner. Violation of environmental, labor or other laws by our suppliers or their failure to operate in a legal, ethical and responsible manner, could . . . expose us to legal risks as a result of our purchase of product from non-compliant suppliers." Lumber Liquidators February 19, 2014 10-K to the United States Securities and Exchange Commission at p. 14, http://investors.lumberliquidators.com/index.php?o=25&s=127. In the same SEC filing, however, Lumber Liquidators admits that it oversees quality control in its Chinese mills: "We are able to set demanding specifications for product quality and our own quality control and assurance teams are on-site at the mills, coordinating inspection and assurance procedures." Lumber Liquidators February 19,

10

2014 10-K to the United States Securities and Exchange Commission at p. 5. Despite its stated concern that its suppliers might not comply with environmental regulations, Defendant has failed to sufficiently exercise its acknowledged quality control over those suppliers to ensure that they comply with CARB standards, and Defendant continues to sell to California consumers laminate wood flooring products that Defendant obtains from those suppliers.

43. On June 20, 2013, *Seeking Alpha*, a news website with millions of viewers, published a lengthy article documenting high formaldehyde levels in Chinese-made laminate flooring sold by Lumber Liquidators. The author of the article, Xuhua Zhou, retained a certified laboratory to test three samples of Chinese-made laminate flooring sold by Lumber Liquidators. Zhou's article states, "The tested product, Mayflower 5/16" x 5" Bund Birch Engineered, emits a staggering three and half times over the government mandated maximum emission level. The product is clearly not CARB compliant yet Lumber Liquidators tagged CARB compliance on the box." Xuhua Zhou, *Illegal Products Could Spell Big Trouble At Lumber Liquidators*, Seeking Alpha (June 20, 2013, 2:33 PM ET), http://seekingalpha.com/article/1513142-illegal-products-could-spell-big-trouble-at-lumber-liquidators (last visited on December 10, 2014).

44. On information and belief, high formaldehyde content resins and glues are less expensive and dry more quickly than low formaldehyde glues and resins. By using high formaldehyde content resins and glues rather than low formaldehyde content resins and glues, Lumber Liquidators' Chinese manufacturers are able to produce laminate wood flooring more quickly and at higher volumes thereby reducing costs and generating greater profits for Lumber Liquidators.

45. On or about November 26, 2013, a putative federal securities class action lawsuit was filed against Lumber Liquidators in the United States District Court in the Eastern District of Virginia based on drops in the stock price following the *Seeking Alpha* article and its allegations concerning the formaldehyde emissions from Defendant's laminate wood flooring products. *Kiken v. Lumber Liquidators Holdings, Inc., et al.*, 4:2013-cv-00157 (E.D.Va). This case is currently pending.

46. On or about December 3, 2013, another putative class action lawsuit was filed against Lumber Liquidators in the same federal court alleging claims related to illegal formaldehyde emissions from Defendant's laminate wood flooring products. *Williamson v. Lumber Liquidators Holdings, Inc.*,

11

549876.24

1  1:13-cv-01487-AJT-TCB (E.D.Va.).  Although the case was dismissed due to a technicality, Lumber

2  Liquidators was made aware during the pendency of that lawsuit of complaints and allegations that its

3  laminate wood flooring products from China emit formaldehyde gas at levels that violate the CARB

4  limit.

5       47.    Numerous Lumber Liquidators customers have posted internet complaints on

6  Defendant's website concerning formaldehyde emissions, including Deborah of North Fork, California

7  who posted on the Consumer Affairs website on September 11, 2014:

8          We spent thousands of dollars and went with the LL recommended
professional installer… the product we were sold was supposedly Made

9          in the USA--nope, China. One of my children cannot walk barefoot on
the floor because he will blister from the formaldehyde content. We

10          saved for years for this floor, it will need to be replaced. Please RUN to
another dealer. This company does not care about the customer one bit.

11          This has been a devastating blow to our family. Consumer Complaints &
Reviews,

12          http://www.Consumeraffairs.com/homeowners/lumber_liquidators.html

13          on December 2, 2014.)

14       48.    Based on these lawsuits, articles, and blog posts, Defendant knew or should have known

15  that its laminate wood flooring products were not compliant with CARB standards.  Despite this

16  knowledge, Defendant failed to reformulate its flooring products so that they are CARB compliant or

17  to disclose to consumers that these products emit unlawful levels of formaldehyde.  Instead, Defendant

18  has sold and continues to sell laminate wood flooring products in California that exceed the CARB

19  limit and it has continually represented to consumers that those products are CARB compliant.

20  ## VII.    FACTS RELATING TO NAMED PLAINTIFFS

21  **Plaintiff Joseph Michael Balero**

22       49.    On March 3, 2013, Plaintiff Joseph Michael Balero purchased 8 mm Dream Home

23  Nirvana French Oak Laminate Flooring at a Lumber Liquidators store located in Livermore,

24  California.  On information and belief, the flooring was produced at the laminate mill in China called

25  Jiangsu Beier Decoration Materials, with the Medium Density Fireboard ("MDF") supplied by

26  Shandong Heyou.

27       50.    At the time that Plaintiff Balero purchased this laminate wood flooring, Lumber

28  Liquidators falsely represented that the product was compliant with CARB formaldehyde emission

12

549876.24

1    standards. At the time of the purchase, Lumber Liquidators also failed to inform Plaintiff Balero that

2    the laminate wood flooring product he purchased actually exceeded the CARB formaldehyde emission

3    limit and that formaldehyde is a chemical known to the State of California to cause cancer. Plaintiff

4    Balero relied on Lumber Liquidators' misrepresentations/omissions regarding compliance with CARB

5    formaldehyde emission standards when deciding to purchase the laminate wood flooring products and,

6    as a result, paid Lumber Liquidators for products he would not have otherwise purchased.

7        51.    On or about August or September 2014, Plaintiff Balero contacted Lumber Liquidators

8    to ask about the safety of his flooring. On September 4, 2014, Matthew@lumberliquidators.com in

9    Virginia responded by assuring Plaintiff Balero that "Lumber Liquidators' products are also

10   independently tested to ensure compliance with the stringent California Air Resource Board (CARB)

11   emission standards . . . all of the flooring we sell meets the highest quality environmental standards."

12   On or about October 17, 2014, however, a sample of the laminate wood flooring product that Plaintiff

13   Balero purchased from Defendant was tested by a certified laboratory using CARB testing

14   methodology. The results of the lab test show that Plaintiff Balero's laminate flooring product emits

15   formaldehyde gas at a level exceeds both the CARB Phase 1 and 2 limits for formaldehyde emissions

16   from Thin MDF.

17       52.    Knowing that his flooring exceeds the CARB formaldehyde emission limit, Plaintiff

18   Balero intends to have his flooring replaced.

19       53.    If Lumber Liquidators' laminate wood flooring becomes CARB compliant, Plaintiff

20   Balero would likely purchase it in the future.

21   **Plaintiff Michael Ballerini**

22       54.    On January 11, 2014, Plaintiff Michael Ballerini purchased 8 mm Dream Home Nirvana

23   Royal Mahogany Laminate Flooring at a Lumber Liquidators store located in Albany, California. On

24   information and belief, the flooring was produced at the laminate mill in China called Jiangsu Beier

25   Decoration Materials with the MDF supplied by Shandong Heyou.

26       55.    At the time that Plaintiff Ballerini purchased this laminate wood flooring, Lumber

27   Liquidators falsely represented that the product was compliant with CARB standards for formaldehyde

28   emissions. At the time of the purchase, Lumber Liquidators also failed to inform Plaintiff Ballerini

                                            13

549876.24

1    that the laminate wood flooring product he purchased actually exceeded the CARB formaldehyde

2    emission limit and that formaldehyde is a chemical known to the State of California to cause cancer.

3    Plaintiff Ballerini relied on Lumber Liquidators' misrepresentations and/or omissions regarding

4    compliance with CARB formaldehyde emission standards when deciding to purchase the laminate

5    wood flooring products and, as a result, paid Lumber Liquidators for products he would not have

6    otherwise purchased.

7       56. In August or September 2014, Plaintiff Ballerini called Lumber Liquidators to ask about the

8    safety of his flooring. On September 15, 2014, Matthew@lumberliquidators.com in Virginia

9    responded by assuring Plaintiff Ballerini that his "laminate floors are perfectly safe and are tested by

10    our own company and third party companies as well." On or about October 17, 2014, however, a

11    sample of the laminate wood flooring product that Plaintiff Ballerini purchased was tested by a

12    certified laboratory using CARB testing methodology. The results of the lab test show that Plaintiff

13    Ballerini's laminate flooring product emits formaldehyde gas at a level that exceeds both the CARB

14    Phase 1 and 2 limits for formaldehyde emissions from Thin MDF.

15       57.    Plaintiff Ballerini would not have purchased this flooring if he knew it emitted unlawful

16    levels of formaldehyde.

17       58.    If Lumber Liquidators' laminate wood flooring becomes CARB compliant, Plaintiff

18    Ballerini would likely purchase it in the future.

19    **Plaintiff Lisa Miller**

20       59.    On May 26, 2012 and again on February 26, 2014, Plaintiff Lisa Miller purchased 12

21    mm Dream Home Ispiri America's Mission Olive Laminate Flooring at a Lumber Liquidators store

22    located in Concord/Pacheco, California. On information and belief, the flooring was produced at the

23    laminate mill in China called Changzhou OPLS Decoration, with the MDF supplied by Shandong

24    Heyou.

25       60.    Before purchasing the product in 2012, Plaintiff Miller visited Lumber Liquidators'

26    website and read that they were an environmentally-friendly company. She relied on that

27    representation when purchasing her laminate flooring from Lumber Liquidators. When she received

28    her laminate wood flooring, she observed that the packaging stated that the flooring was CARB

14

549876.24

1  compliant for formaldehyde. If the package had stated that the flooring product was not compliant for

2  formaldehyde, she would have returned it and not installed it in her home. Partly because of the

3  CARB compliance statement on the packaging of the laminate wood flooring she purchased in 2012,

4  Plaintiff Miller purchased more of the same flooring in 2014.

5        61.    At the time of both of Plaintiff Miller's purchases, Lumber Liquidators falsely

6  represented that the laminate wood flooring product Plaintiff Miller purchased was compliant with

7  CARB formaldehyde emission standards. At the time of the purchases, Lumber Liquidators also failed

8  to inform Plaintiff Miller that the laminate wood flooring product she purchased actually exceeded the

9  CARB formaldehyde emission limit and that formaldehyde is a chemical known to the State of

10  California to cause cancer. Plaintiff Miller relied on Lumber Liquidators'

11  misrepresentations/omissions regarding compliance with CARB formaldehyde emission standards

12  when deciding to purchase the laminate wood flooring products and, as a result, paid Lumber

13  Liquidators for products she would not have otherwise purchased.

14        62.    On or about October 17, 2014, a sample of the laminate wood flooring product that

15  Plaintiff Miller purchased in 2012 was tested by a certified laboratory using CARB testing

16  methodology. On or about November 3, 2014, a sample of the laminate wood flooring product that

17  Plaintiff Miller purchased in 2014 was also tested by a certified laboratory using CARB testing

18  methodology. The results of the lab tests show that Plaintiff Miller's 2012 laminate flooring product

19  emits formaldehyde gas at a level that exceeds the CARB Phase 2 limit for formaldehyde emissions

20  from MDF, and that the 2014 product exceeds the CARB Phase 2 limit for MDF by more than three

21  times.

22        63.    On October 23, 2014, Plaintiff Miller emailed Tom Sullivan at Lumber Liquidators

23  asking for a refund of her laminate wood flooring and installation costs because of unlawful levels of

24  formaldehyde present in the flooring. On October 27, 2014, Brian Pullin of Lumber Liquidators

25  responded to Plaintiff Miller stating, "Lumber Liquidators' products are also independently tested to

26  ensure compliance with the stringent California Air Resource Board (CARB) emission standards,

27  which we apply to products sold nationwide."

28

549876.24

64.     Plaintiff Miller paid to have her flooring professionally installed in 2012 and 2014. Knowing that the flooring installed in her home significantly exceeds CARB formaldehyde emission standards, she has now had that flooring removed.

65.     If Lumber Liquidators' laminate wood flooring becomes CARB compliant, Plaintiff Miller would likely purchase it in the future.

## VIII.   CLASS ACTION ALLEGATIONS

66.     This case is maintainable as a class action pursuant to California Code of Civil Procedure § 382 for Defendants' violations of California Business and Professions Code §§ 17200, *et seq.*, and 17500, *et seq.*, California Civil Code § 1750, *et seq.*, and California Uniform Commercial Code § 2313.

67.     Each of the Plaintiffs has purchased Defendant's laminate wood flooring products in California during the four-year period prior to the date of the filing of this action ("the Class Period"). Each such product purchased by each Plaintiff was labeled as compliant with the CARB standards.

68.     Plaintiffs are representatives of all other consumers who have purchased laminate wood flooring products from Defendant in California that were advertised as compliant with CARB standards, and are acting on behalf of those consumers' interests.  Accordingly, Plaintiffs bring this action, pursuant to California Code of Civil Procedure § 382, on behalf of themselves and a proposed Class of similarly situated consumers.  The similarly situated consumers are readily identifiable through Defendant's own business records, including but not limited to customer receipts or invoices for Defendant's flooring products.  The Class that Plaintiffs seek to represent is defined as follows:

> All persons in California who purchased from Defendant one or more Chinese-made laminate wood flooring products, advertised as CARB compliant, from January 1, 2011 through the date of judgment.

During the Class Period, Class Members purchased laminate wood flooring products from Defendant that were falsely advertised as being compliant with CARB standards.  Instead, the flooring products emitted unlawful levels of formaldehyde, which Defendant failed to disclose. ...

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

549876.24

**Numerosity of Class**

69.     The potential members of the class as defined are so numerous that joinder of all Class Members is impracticable.  Although the precise number of such consumers is unknown, Plaintiffs believe that there are thousands of class members.  The exact number is easily ascertained from Lumber Liquidators' sales records, which are presently within Lumber Liquidators' control.

**Existence and Predominance of Common Questions of Fact and Law**

70.     There are questions of law and fact common to the class that predominate over any questions affecting only individual members of the class, including without limitation, whether, as alleged herein, (a) Lumber Liquidators' laminate wood flooring products sold in California exceed the CARB limit; (b) Lumber Liquidators' representation in package labeling and advertising that its laminate wood flooring products comply with the CARB limit was false; (c) Lumber Liquidators made the false statement about CARB compliance to the entire class; (d) Lumber Liquidators failed to disclose material information regarding the emission of unlawful levels of formaldehyde from its laminate wood flooring products; (e) Lumber Liquidators' representations that its laminate wood flooring products comply with the CARB limit have a capacity, likelihood or tendency to deceive or confuse the public; (f) Lumber Liquidators' representations that its laminate wood flooring products comply with the CARB limit are misleading; (g) Lumber Liquidators' representations that its laminate wood flooring products comply with the CARB limit are likely to deceive reasonable consumers; (h) Lumber Liquidators' representations that its laminate wood flooring products comply with the CARB limit are material, as judged by an objective standard; (i) Lumber Liquidators' representations that its laminate wood flooring products comply with the CARB limit constitute unlawful business practices under the Unfair Competition Law, California Business & Professions Code § 17200, *et seq.* ("UCL"); (j) Lumber Liquidators' representations that its laminate wood flooring products comply with the CARB limit constitute unfair business practices under the UCL; (k) Lumber Liquidators' representations that its laminate wood flooring products comply with the CARB limit constitute fraudulent business practices under the UCL; (l) Lumber Liquidators' representations that its laminate wood flooring products comply with the CARB limit violate the California Consumer Legal Remedies Act, California Civil Code § 1750, *et seq.* ("CLRA"); (m) Lumber Liquidators' representations that its

17

549876.24

1   laminate wood flooring products comply with the CARB limit violate the California False Advertising

2   Law, California Business and Professions Code § 17500 *et seq.* ("FAL"); (n) Lumber Liquidators' sale

3   of laminate wood flooring products that fail to comply with the CARB limit constitutes an unlawful

4   business practice within the meaning of the UCL; (o) Lumber Liquidators' sale of laminate wood

5   flooring products that fail to comply with the CARB limit violates the CLRA; (p) monetary relief can

6   be calculated based on Lumber Liquidators' sales figures and an average retail sales price for the

7   product; and (q) Lumber Liquidators' representations that its laminate wood flooring products comply

8   with the CARB level constitute a breach of express warranty pursuant to California Commercial Code

9   § 2313. Resolution of these questions, which are common to all class members, will generate common

10   answers that are likely to drive the resolution of this action.

11       **Typicality**

12       71.     The claims of the Plaintiffs are typical of the claims of the Class they seek to represent.

13   Plaintiffs and Class Members have purchased laminate wood flooring products from Lumber

14   Liquidators that were advertised as compliant with CARB standards, but instead emit formaldehyde

15   gas at levels that exceed the CARB limit.

16       72.     Plaintiffs and all Class Members were subjected to the same violations of their rights

17   under California law by Lumber Liquidators and have suffered damages, including the cost of their

18   flooring purchases resulting from Defendant's wrongful conduct, and the cost of installation of the

19   unlawfully sold flooring products. In addition, Plaintiffs and the Class Members are entitled to

20   injunctive and equitable relief, as permitted by law, because Defendant's violations of state statutes

21   have harmed the Class Members in a concrete and particular way, the violations are ongoing, and harm

22   the public interest, especially when compared to Defendant's competitors who comply with the law.

23       **Adequacy of Representation**

24       73.     Each of the Named Plaintiffs, Joseph Michael Balero, Michael Ballerini, and Lisa

25   Miller, will fairly and adequately represent and protect the interests of the Class Members. The

26   interests of Plaintiffs and Plaintiffs' counsel are not in conflict with those of the Class Members.

27   Plaintiffs and Plaintiffs' counsel will prosecute this action vigorously on behalf of the Class Members.

28

549876.24

1    Plaintiffs' counsel are competent and experienced in litigating large class actions, environmental

2    actions and other complex litigation matters.

3         **Superiority of Class Action**

4         74.     A class action is superior to other available means for the fair and efficient adjudication

5    of this controversy.  Each Class Member is entitled to restitution of the price of the laminate wood

6    flooring product that he or she purchased that failed to comply with the CARB limit and should not

7    have been sold in California, and the cost of installation and removal of the unlawfully sold flooring

8    products.  Each Class Member has also been damaged and is entitled to recovery because Lumber

9    Liquidators falsely advertised that their flooring was CARB compliant and/or omitted to tell

10   consumers that their flooring products emitted unlawful levels of formaldehyde.  The restitution due

11   and damages suffered by individual Class Members are small compared to the expense and burden of

12   individual prosecution of this litigation.  Individual plaintiffs may lack the financial resources to

13   vigorously prosecute a lawsuit against Defendant to recover damages stemming from Defendant's

14   unfair and unlawful practices.  In addition, class litigation is superior because it will obviate the need

15   for unduly duplicative litigation that might result in inconsistent judgments about the legality of

16   Defendant's sales and advertising practices.  Further, a class action is superior as Defendant has acted

17   in a manner that applies generally to the class, so that final injunctive relief and corresponding

18   declaratory relief are appropriate respecting the class as a whole, thereby making it desirable to

19   concentrate the litigation of class members' claims in a single forum.

20                        **FIRST CAUSE OF ACTION**

21        **Violation of California Business and Professions Code § 17200, *et seq.*,**
          **Unlawful Business Acts and Practices**

22

23        75.     Plaintiffs re-allege and incorporate all paragraphs above as though fully set forth herein.

24        76.     California Business and Professions Code § 17200, *et seq.* authorizes courts to make

25   any orders necessary to prevent any act of "unfair competition," which includes "any unlawful

26   business act or practice."  Cal. Bus. & Prof. Code § 17200, 17203.

27        77.     Throughout the Class Period, Defendant has engaged in unlawful business acts and/or

28   practices by selling and/or distributing laminate wood flooring products in California that exceed the

                                        19

549876.24

1  CARB limit for formaldehyde emissions from composite wood products set forth in Title 17 of the

2  California Code of Regulations, § 93120.2(a). Defendant's sale and distribution of laminate wood

3  flooring products in California that exceed the CARB standard for formaldehyde emissions violates

4  Code Cal. Regs. tit. 17, §§ 93120-93120.12.

5      78. Throughout the Class Period, Defendant has engaged in unlawful business acts and/or

6  practices by advertising to California consumers through promotional materials and with labeling on

7  laminate wood flooring products that states that the products are CARB compliant when in fact they

8  were not. Defendant has further engaged in unlawful business acts and practices by falsely

9  representing that the laminate wood flooring products it distributes and sells in California have been

10  certified by independent entities as compliant with CARB formaldehyde standards. Defendant further

11  engaged in unlawful business acts and/or practices by not informing consumers that Defendant's

12  laminate wood flooring products sold in California emit formaldehyde at levels that exceed the

13  formaldehyde emission limit set forth in the CARB standards. These actions of Defendant were

14  misleading and deceptive, and Plaintiffs and Class Members reasonably relied upon Defendant's

15  statements in purchasing Defendant's laminate wood flooring products. Defendant's actions therefore

16  violate the False Advertising Law, California Business & Professions Code §§ 17500, *et seq.* and the

17  Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.*, as further set forth in the

18  Fourth and Fifth Causes of Action, below.

19      79. Throughout the Class Period, Defendant has also has engaged in unlawful business acts

20  and/or practices by making untrue, deceptive, or misleading environmental marketing claims on the

21  labels of its laminate wood flooring products' packaging and on promotional materials including pages

22  of the Lumber Liquidators' website, in violation of California's "Greenwashing" Statute, Cal. Bus. &

23  Prof. Code § 17580.5. Such claims include, but are not limited to: overstating the environmental

24  attributes of the laminate wood flooring products it distributes in California, failing to substantiate that

25  the laminate wood flooring products it distributes in California have received third-party certification

26  of CARB compliance, and misrepresenting explicitly or through implication that the laminate wood

27  flooring Defendant distributes in California is non-toxic. *See* Cal. Bus. & Prof. Code § 17580.5(a).

28

549876.24

80.     Throughout the Class Period, Defendant has also has engaged in unlawful business acts and/or practices by expressly warranting on every package of laminate wood flooring products that it distributes and sells in California, as well as in promotional materials and product invoices, that the products comply with CARB formaldehyde standards and all other applicable laws and regulations when they do not.  This express warranty also appears on Defendant's website, and product invoices and instruction materials.  Defendant's breach of this express warranty violates California state warranty law, California Commercial Code § 2313.

81.     As a direct result of Defendant's unlawful business acts and/or practices, Plaintiffs and Class Members suffered injury in fact and lost money or property.

82.     Plaintiffs are informed and believe that Lumber Liquidators engaged in the same or similar unlawful business acts or practices against the Class Members described herein and that Lumber Liquidators' conduct caused harm to the Class Members.

83.     Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, seek restitution, injunctive relief against Defendant in the form of an order prohibiting Defendant from engaging in the alleged misconduct described herein, and other relief as specifically prayed for herein.

## SECOND CAUSE OF ACTION

### Violation of California Business and Professions Code § 17200, *et seq.*, Fraudulent Business Acts and Practices

84.     Plaintiffs re-allege and incorporate all paragraphs above as though fully set forth herein.

85.     California Business and Professions Code § 17200, *et seq.* authorizes courts to make any orders necessary to prevent any act of "unfair competition," which includes "any fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200, 17203.

86.     Throughout the Class Period, Defendant has sold laminate wood flooring products in California that exceed the CARB standard for formaldehyde emissions from composite wood products despite the fact that Defendant advertises the products as CARB compliant.  *See* Code Cal. Regs. tit. 17, §§ 93120-93120.12.

87.     Defendant has engaged in fraudulent business acts and practices by advertising to California consumers through promotional materials and with labeling on laminate wood flooring

21

1 │ products that state that the products are CARB compliant when in fact they are not. Defendant further

2 │ engaged in fraudulent business acts and practices by not informing consumers that Defendant's

3 │ laminate wood flooring products sold in California emit formaldehyde at levels that exceed the

4 │ emission limit set forth in the CARB standards.

5 │    88.    Defendant's conduct is fraudulent in that customers in California are likely to be

6 │ deceived by Defendant's misrepresentations that the laminate wood flooring products they have sold

7 │ and continue to sell in California are compliant with CARB standards.

8 │    89.    Plaintiffs and Class Members relied on Defendant's misrepresentations.

9 │    90.    As a direct result of Defendant's fraudulent business acts and/or practices, Plaintiffs and

10 │ Class Members suffered injury in fact and lost money or property.

11 │    91.    Plaintiffs are informed and believe that Lumber Liquidators engaged in the same or

12 │ similar fraudulent business acts against the Class Members described herein and that Lumber

13 │ Liquidators' conduct caused harm to the Class Members.

14 │    92.    Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, seek

15 │ restitution, injunctive relief against Defendants in the form of an order prohibiting Defendant from

16 │ engaging in the alleged misconduct described herein, and other relief as specifically prayed for herein.

17 │ **THIRD CAUSE OF ACTION**

18 │ **Violation of California Business and Professions Code § 17200, *et seq.*,**
   │ **Unfair Business Acts and Practices**

19 │

20 │    93.    Plaintiffs re-allege and incorporate all paragraphs above as though fully set forth herein.

21 │    94.    California Business and Professions Code § 17200, et seq. authorizes courts to make

22 │ any orders necessary to prevent any act of "unfair competition," which includes "any unfair business

23 │ act or practice." Cal. Bus. & Prof. Code § 17200, 17203.

24 │    95.    Throughout the Class Period, Defendant has sold laminate wood flooring products in

25 │ California that exceed the CARB standard for formaldehyde emissions from composite wood products

26 │ despite the fact that Defendant's product labeling and promotional materials advertise the products as

27 │ CARB compliant. *See* Code Cal. Regs., tit. 17, §§ 93120-93120.12. In addition, Defendant has not

28 │

549876.24

1   informed consumers that Defendant's laminate wood flooring products sold in California emit

2   formaldehyde at levels that exceed the emission limit set forth in the CARB standards.

3        96.   Defendant's conduct is unfair in that it offends established public policy and/or is

4   immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiffs and Class

5   Members. The harms to Plaintiffs and Class Members arising from Defendant's conduct outweigh any

6   legitimate benefit Defendant derived from the conduct. Defendant's conduct undermines and violates

7   the stated spirit and policies underlying the Consumer Legal Remedies Act, False Advertising Law,

8   and California state warranty laws alleged herein.

9        97.   As a direct result of Defendant's unfair business acts and/or practices, Plaintiffs and

10  Class Members suffered injury in fact and lost money or property.

11       98.   Plaintiffs are informed and believe that Lumber Liquidators engaged in the same or

12  similar unfair business acts against the Class Members described herein and that Lumber Liquidators'

13  conduct caused harm to the Class Members.

14       99.   Plaintiffs and Class Members could not have reasonably avoided their injury because

15  they were affirmatively misled by Defendant that the laminate wood flooring products they purchased

16  complied with CARB standards and Defendant's misrepresentations are only discoverable through

17  product testing by a certified laboratory.

18       100.  Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, seek

19  restitution, injunctive relief against Defendant in the form of an order prohibiting Defendant from

20  engaging in the alleged misconduct described herein, and other relief as specifically prayed for herein.

21                          **FOURTH CAUSE OF ACTION**

22       **Violation of California Business and Professions Code § 17500, *et seq.***

23       101.  Plaintiffs re-allege and incorporate all paragraphs above as though fully set forth herein.

24       102.  Throughout the Class Period, Defendant engaged in unlawful and/or fraudulent conduct

25  under California Business & Professions Code §§ 17500, *et seq.* ("the False Advertising Law"), by

26  engaging in the sale of laminate wood flooring products, and publically disseminating various

27  advertisements that Defendant knew or reasonably should have known were untrue and misleading,

28  including that their laminate wood flooring products comply with CARB standards for formaldehyde

549876.24

emissions when they fail to meet these standards and falsely representing that the laminate wood flooring products have been certified by independent entities as compliant with CARB formaldehyde standards.

103. Defendant committed such violations of the False Advertising Law with actual knowledge or knowledge fairly implied on the basis of objective circumstances.

104. Plaintiffs reasonably relied on Defendant's representations made in violation of California Business and Professions Code §§ 17500, *et seq.*

105. As a direct result of Defendant's violations, Plaintiffs suffered injury in fact and lost money.

106. Plaintiffs are informed and believe that Lumber Liquidators engaged in the same or similar unlawful, unfair, and/or fraudulent business acts against the Class Members described herein and that Lumber Liquidators' conduct caused harm to the Class Members.

107. Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, seek restitution and injunctive relief against Defendant in the form of an order prohibiting Defendant from engaging in the alleged misconduct described herein, and other relief as specifically prayed for herein.

## FIFTH CAUSE OF ACTION

### Violation of California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*

108. Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

109. Defendant is a "person" within the meaning of California Civil Code §§ 1761(c) and 1770, and provides "goods" within the meaning of Civil Code §§ 1761(a) and 1770. Defendant's customers, including Plaintiffs and Class members, are "consumers" within the meaning of Civil Code §§ 1761(d) and 1770. Each purchase of Defendant's laminate wood flooring products by Plaintiffs and each Class member constitutes a "transaction" within the meaning of Civil Code §§ 1761(e) and 1770.

110. The Consumer Legal Remedies Act makes it unlawful for a company to:

    a. Misrepresent the certification of goods. Cal. Civ. Code § 1770(a)(2)(3);

    b. Represent that goods have characteristics or approval which they do not have. Cal. Civ. Code § 1770(a)(5);

24

549876.24

c.     Represent that goods are of a particular standard, quality, or grade, if they are of another.  Cal. Civ. Code § 1770(a)(7);

d.     Advertise goods with intent not to sell them as advertised.  Cal. Civ. Code § 1770(a)(9).

111.    Throughout the Class Period, Defendant has violated these provisions by falsely representing that their laminate wood flooring products comply with CARB standards for formaldehyde emissions, when they fail to meet these standards; falsely representing that the laminate wood flooring products have been certified by independent entities to comply with CARB formaldehyde standards; and, failing to disclose to consumers that the flooring products emit formaldehyde at unlawful levels.

112.    Plaintiffs and Class Members reasonably relied on Defendant's misrepresentations.

113.    As a direct and proximate result of Defendant's violations, Plaintiffs and Class Members suffered injury in fact and lost money and/or property.

114.    Concurrently with filing this action, Plaintiffs' counsel mailed to Defendant, by certified mail, return receipt requested, the written notice required by Civil Code § 1782(a).  A true and correct copy of the notice is attached hereto as Exhibit A.

115.    Plaintiff has filed concurrently herewith the declaration of venue required by Civil Code § 1780(d).

116.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the California Consumer Legal Remedies Act because Defendant is still representing that the flooring products have characteristics and qualifications which are false and misleading, and has injured Plaintiffs and Class Members.

117.    Pursuant to California Civil Code § 1780, Plaintiffs, on behalf of themselves and all others similarly situated, seek restitution, and injunctive relief against Defendant in the form of an order prohibiting Defendant from engaging in the alleged misconduct described herein, and other relief as specifically prayed for herein.

549876.24

## SIXTH CAUSE OF ACTION

### Breach of Express Warranty, Cal. Uniform Com. Code § 2313

118.    Plaintiffs re-allege and incorporate all paragraphs above as though fully set forth herein.

119.    Throughout the Class Period, Lumber Liquidators has expressly warranted that its laminate wood flooring products comply with CARB formaldehyde standards and all other applicable laws and regulations.

120.    Defendant's express warranty that its laminate wood flooring products comply with the CARB standards appears on every package of laminate wood flooring Defendant sells or has sold in California, including those sold to Plaintiffs and all Class Members.  This express warranty also appears on Defendant's website, and product invoices and instruction materials.

121.    Lumber Liquidators' warranties became part of the basis of the bargain in selling laminate wood flooring products to Plaintiffs and Class Members.

122.    Lumber Liquidators breached these express warranties by selling, and/or distributing the laminate wood flooring products, which fail to comply with the CARB standards.

123.    Plaintiffs and members of the Class paid money for the laminate wood flooring and paid to have the flooring installed in their homes, work, and other spaces.  However, Plaintiffs and the members of the Class did not obtain the full value of the advertised products.  If Plaintiffs and other members of the Class had known the true nature of the flooring products, that they emitted unlawful levels of a cancer-causing chemical, they would not have purchased the laminate wood flooring products.

124.    As a result of this breach, Plaintiffs and the members of the Class suffered injury and deserve to be compensated for the damages they suffered.

125.    Plaintiffs and the Class are therefore entitled to recover compensatory damages, declaratory relief, and other relief as specifically prayed for herein.

## SEVENTH CAUSE OF ACTION

### Declaratory Relief

126.    Plaintiffs incorporate by reference the foregoing allegations as if set fully herein.

549876.24

127.    Plaintiffs Balero, Ballerini, and Miller, on behalf of themselves and all others similarly situated, contend that Defendants' sale of laminate wood flooring products in California do not comply with the CARB standards.  On information and belief, Defendant contends that its sale of laminate wood flooring products in California complies with the CARB standards.

128.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all Class Members, seek the following relief against Defendant:

A.    An order certifying this action as a class action under California Code of Civil Procedure § 382, and defining the Class as requested herein;

B.    A finding and declaration, pursuant to California Code of Civil Procedure § 1060, that Defendant's policies and practices of labeling and advertising the laminate wood products it sells in California as CARB compliant is unlawful pursuant to Title 17 of the California Code Regulations,§§ 93120-93120.12;

C.    A finding and declaration, pursuant to California Code of Civil Procedure § 1060, that Defendant's policies and practices of distributing and/or selling laminate wood products in California with formaldehyde emissions that violate the  CARB standards is unlawful pursuant to Title 17 of the California Code Regulations,§§ 93120-93120.12;

D.    Injunctive relief prohibiting Defendant from continuing to distribute and/or sell laminate flooring products that violate the CARB standards, pursuant to California Business and Professions Code, §§ 17202 and 17203, and California Civil Code § 1780;

E.    Restitution of all money and/or property that Plaintiffs and Class Members provided to Defendant for the purchase and installation of Defendant's laminate wood flooring products that were sold in violation of Title 17 of the California Code Regulations, §§ 93120-93120.12 and California Business and Professions Code § 17200 *et seq.*;

F.    Damages in an amount according to proof, including actual, compensatory, and consequential damages incurred by Plaintiffs and Class Members pursuant to the Sixth Cause of

27

549876.24

1  Action;

2       G.      Pre- and post-judgment interest on monetary damages and restitution pursuant to Civil

3  Code § 3287;

4       H.      An award to Plaintiffs and Class Members of reasonable attorneys' fees and costs,

5  pursuant to California Civil Procedure Code § 1021.5, California Civil Code § 1780, and/or other

6  applicable law, to be paid by Defendant; and,

7       I.      An award of such other and further relief as this Court may deem appropriate.

8                           **DEMAND FOR JURY TRIAL**

9       Plaintiffs hereby demand trial by jury to the extent authorized by law.

10  Dated:  December 11, 2014            Respectfully submitted,

11                                      GOLDSTEIN, BORGEN, DARDARIAN & HO

12

13                                      Linda M. Dardarian

14                                      Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

549876.24





**Shareholders**
David Borgen
Linda M. Dardarian
Laura L. Ho

# Goldstein, Borgen, Dardarian & Ho

**Of Counsel**
Barry Goldstein
Morris J. Baller

December 10, 2014

**By Certified Mail, Return Receipt Requested**

Corporation Service Company
dba CSC - Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833
(Lumber Liquidators, Inc.'s Registered Agent for Service of Process)

Re:   Notice of Violations of the Consumer Legal Remedies Act
California Civil Code § 1750 et seq.

Dear Addressee:

This notice is provided on behalf of Joseph Michael Balero, Michael Ballerini, Lisa Miller, and all others similarly situated, pursuant to California Civil Code § 1782, to inform you that Lumber Liquidators has employed methods and committed acts and practices in violation of the California Consumer Legal Remedies Act, California Civil Code § 1750 et seq. ("CLRA").

The facts establishing the violation are set out in the Complaint, attached as Exhibit A. The facts are generally as follows:

During the Class Period (from January 1, 2011 to the present), Lumber Liquidators has advertised and represented to California consumers that Chinese-made, laminate wood flooring products that Lumber Liquidators distributes and/or sells in California comply with strict formaldehyde emission standards promulgated by the California Air Resources Board ("CARB") and enumerated in California's Airborne Toxic Control Measure to Reduce Formaldehyde Emissions from Composite Wood Products ("CARB Regulations"). Cal. Code Regs. tit. 17, §§ 93120-93120.12. However, these advertisements and representations are false. Chinese-made laminate wood flooring products that Lumber Liquidators sold and/or distributed in California since January 1, 2011 emit formaldehyde gas at levels that exceed the limits set forth in the CARB Regulations ("CARB standards"). Plaintiff Balero, Plaintiff Ballerini, and Plaintiff Miller relied on Lumber Liquidators' representations that its laminate wood flooring products are CARB compliant, and would not have purchased their flooring if they had known that their flooring emitted formaldehyde at unlawful levels. Plaintiffs were harmed by Lumber Liquidators' unlawful conduct in that they spent money on flooring that they would not have purchased, and incurred costs for installing flooring in their homes that they would not have installed without Lumber Liquidators' false advertising and/or misrepresentations.

Lumber Liquidators, Inc.                    -2-                    December 10, 2014

Lumber Liquidators is violating the following specific provisions of Cal. Civ. Code § 1770:

- Misrepresenting the certification of goods.  Cal. Civ. Code § 1770(a)(2)(3);

- Representing that goods have characteristics or approval which they do not have. Cal. Civ. Code § 1770(a)(5);

- Representing that goods are of a particular standard, quality, or grade, if they are of another.  Cal. Civ. Code § 1770(a)(7);

- Advertising goods with intent not to sell them as advertised.  Cal. Civ. Code § 1770(a)(9).

On behalf of Plaintiffs and all other similarly situated consumers, and pursuant to Cal. Civ. Code § 1782(b) and (c), we hereby demand that, within 30 days of receipt of this notice, Lumber Liquidators immediately cease the above-described practices by taking the following actions:

- Cease advertising, labeling, and selling laminate wood flooring products in California that violate the CARB standards for formaldehyde emissions;

- Identify all other similarly situated consumers who have been subjected to these prohibited practices; and

- Restore to Plaintiffs, and all other similarly situated customers, the money they spent on purchasing and installing laminate wood flooring from Lumber Liquidators that violate the CARB standards for formaldehyde emissions.

Please contact me if you have any questions or would like to discuss this further.

Sincerely,

*Linda M. Dardarian*

Linda M. Dardarian

LMD/kbm

Encls.

556144.6

1              **PROOF OF SERVICE**

2    Case:  *Balero, et al. v. Lumber Liquidators, Inc.*
           Case No. _____

3

4    STATE OF CALIFORNIA     )
                             ) SS
5    COUNTY OF ALAMEDA       )

6          I have an office in the county aforesaid.  I am over the age of eighteen years and not a party to
     the within entitled action.  My business address is 300 Lakeside Drive, Suite 1000, Oakland,
7    California 94612.

8          I declare that on the date hereof I served a copy of

9    **NOTICE OF VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT**

10   SEE SERVICE LIST, BELOW

11   ☒    **By U.S. Mail:**  By placing a true copy of the document(s) listed above for collection and
          mailing following the firm's ordinary business practice in a sealed envelope with postage
12        thereon fully prepaid for deposit in the United States mail at Oakland, California addressed
          as set forth below.

13   ☒    **(State)**  I declare under penalty of perjury under the laws of the State of California that the
          foregoing is true and correct.
14

15         Executed at Oakland, California on December 10, 2014

16

17   _____        _____
     Printed Name                       Signature

18                 **SERVICE LIST**

19

20   Corporation Service Company
     dba CSC - Lawyers Incorporating Service
21   2710 Gateway Oaks Drive, Suite 150N
     Sacramento, CA 95833
22   (Lumber Liquidators, Inc.'s
     Registered Agent for Service of Process)
23   (by Certified Mail, tracking number 7004 2510 0001 2722 3925)

24

25

26

27

28

                        1
     _____
                   PROOF OF SERVICE



## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

**For delivery information visit our website at www.usps.com®**

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ 2.03 | 740 |
| Certified Fee | 3.30 | |
| Return Receipt Fee (Endorsement Required) | 2.70 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 8.03 | |

7004 2510 0001 2722 3925

Sent To Corporation Service Co.
Street, Apt. No.; or PO Box No. 2710 Gateway Oak Dr, Ste 150 N
City, State, ZIP+4 Sacramento, CA 95833

PS Form 3800, June 2002          See Reverse for Instructions

$ 008.030
00032022741
MAILED FROM ZIP CODE 94612
DEC 10 2014



## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

**For delivery information visit our website at www.usps.com®**

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ 2.03 | 740 |
| Certified Fee | 3.30 | |
| Return Receipt Fee (Endorsement Required) | 2.70 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 8.03 | |

7004 2510 0001 2722 3925

Sent To Corporation Service Co.
Street, Apt. No.; or PO Box No. 2710 Gateway Oak Dr, Ste 150 N
City, State, ZIP+4 Sacramento, CA 95833

PS Form 3800, June 2002          See Reverse for Instructions

Goldstein
Dardick

300 Lakeside Drive, Suite

Corporation
dba CSC - Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
dba CSC-Lawyers Incorporating Service
2710 Gateway Oaks Dr, Ste 150 N
Sacramento, CA 95833

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7004 2510 0001 2722 3925

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

1   Linda M. Dardarian (SBN 131001)
    ldardarian@gbdhlegal.com
2   Andrew P. Lee (SBN 245903)
    alee@gbdhlegal.com
3   Megan E. Ryan (SBN 264922)
    mryan@gbdhlegal.com
4   GOLDSTEIN, BORGEN, DARDARIAN & HO
    300 Lakeside Drive, Suite 1000
5   Oakland, CA  94612
    Tel:  (510) 763-9800
6   Fax: (510) 835-1417

7   Michael R. Lozeau (SBN 142893)
    michael@lozeaudrury.com
8   Richard T. Drury (SBN 163559)
    richard@lozeaudrury.com
9   LOZEAU | DRURY LLP
    410 12th Street, Suite 250
10  Oakland, CA  94607
    Tel:  (510) 836-4200
11  Fax:  (510) 836-4205

12  Attorneys for Plaintiffs

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                      FOR THE COUNTY OF ALAMEDA

15  JOSEPH MICHAEL BALERO, MICHAEL          Case No.: **RG14751116**
    BALLERINI, AND LISA MILLER, on their own
16  behalf and on behalf of all others similarly situated,
                                            **AFFIDAVIT OF LINDA M. DARDARIAN**
17          Plaintiffs,                     **PURSUANT TO CALIFORNIA CIVIL**
                                            **CODE § 1780(d)**
18  vs.

19  LUMBER LIQUIDATORS, INC., a Delaware
    corporation, and DOES ONE through TEN
20  inclusive,

21          Defendants.

22

23

24

25

26

27

28

FILED
ALAMEDA COUNTY

DEC 11 2014

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

557908.3

AFF. OF LINDA M. DARDARIAN PURSUANT TO CALIFORNIA CIVIL CODE § 1780

1.     I am an attorney duly admitted to practice before all courts of the State of California. I am a partner in the firm of Goldstein, Borgen, Dardarian and Ho.

2.     This action has been commenced in a county described in California Civil Code §1780(d) as a proper place for the trial of the action.

3.     Lumber Liquidators, Inc., the Defendant in this action, does business in Alameda County. Lumber Liquidators operates stores located in the cities of Albany, California, Livermore, California and San Leandro, California, all of which are located within the county of Alameda. Furthermore, Plaintiffs Balero and Ballerini purchased the products in question at stores located within Alameda County and thus a substantial portion of the transactions also occurred in the county of Alameda.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 10, 2014 at Oakland, California.

Linda M. Dardarian

AFF. OF LINDA M. DARDARIAN PURSUANT TO CALIFORNIA CIVIL CODE § 1780

557908.3

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Linda M. Dardarian (SBN 131001), Andrew P. Lee (SBN 245903), Megan E. Ryan (SBN 264922), GOLDSTEIN, BORGEN, DARDARIAN & HO 300 Lakeside Drive, Suite 1000, Oakland, CA 94612, ldardarian@gbdhlegal.com; alee@gbdhlegal.com; mryan@gbdhlegal.com | **FILED**<br>**ALAMEDA COUNTY**<br>DEC 11 2014<br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |

TELEPHONE NO: Tel: (510) 763-9800     FAX NO.:

ATTORNEY FOR *(Name):* JOSEPH MICHAEL BALERO, MICHAEL BALLERINI, and LISA MILLER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson

CASE NAME:
Balero, et al v. Lumber Liquidators, Inc. and Does One through Ten, inclusive

| CIVIL CASE COVER SHEET<br>[X] Unlimited    [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**RG14751116**<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: Dec. 11, 2014

Linda M. Dardarian
*(TYPE OR PRINT NAME)*      *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| Balero, et al v. Lumber Liquidators, and DOES One through Ten, inclusive | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[ X ] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ X ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs **[ ] Yes [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

*13012378*

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Linda M. Dardarian (SBN 131001), Andrew P. Lee (SBN 245903), Megan E. Ryan (SBN 264922)  mryan@gbdhlegal.com<br>GOLDSTEIN, BORGEN, DARDARIAN & HO<br>300 Lakeside Drive, Suite 1000, Oakland, CA  94612 | **FILED**<br>**ALAMEDA COUNTY**<br><br>DEC 1 1 2014 |

TELEPHONE NO.: Tel: (510) 763-9800     FAX NO. *(Optional)*:  Fax: (510) 835-1417
E-MAIL ADDRESS *(Optional)*: ldardarian@gbdhlegal.com, alee@gbdhlegal.com
ATTORNEY FOR *(Name)*: JOSEPH MICHAEL BALERO, MICHAEL BALLERINI, and LISA MILLER

CLERK OF THE SUPERIOR COURT
By_____Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**  Alameda
STREET ADDRESS:   1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE:   Oakland, CA  94612
BRANCH NAME:   Rene C. Davidson

| | |
|---|---|
| PLAINTIFF/PETITIONER: JOSEPH MICHAEL BALERO, MICHAEL BALLERINI, and LISA MILLER, on their own behalf and on behalf of all others similarly situated, | CASE NUMBER: **RG14751116** |
| DEFENDANT/RESPONDENT: LUMBER LIQUIDATORS, INC., a Delaware corporation, and DOES ONE through TEN inclusive | JUDICIAL OFFICER: |
| **NOTICE OF RELATED CASE** | DEPT.: |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a.  Title:  Global Community Monitor and Sunshine Park v. Lumber Liquidators

   b.  Case number:  RG14733979

   c.  Court: [X] same as above

      [ ] other state or federal court *(name and address)*:

   d.  Department:

   e.  Case type: [ ] limited civil  [X] unlimited civil  [ ] probate  [ ] family law  [ ] other *(specify)*:

   f.  Filing date:  7/23/2014

   g.  Has this case been designated or determined as "complex?"  [X] Yes  [ ] No

   h.  Relationship of this case to the case referenced above *(check all that apply)*:

      [ ] involves the same parties and is based on the same or similar claims.

      [X] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      [ ] involves claims against, title to, possession of, or damages to the same property.

      [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         [ ] Additional explanation is attached in attachment 1h

   i.  Status of case:

      [X] pending

      [ ] dismissed  [ ] with  [ ] without prejudice

      [ ] disposed of by judgment

2. a.  Title:

   b.  Case number:

   c.  Court: [ ] same as above

      [ ] other state or federal court *(name and address)*:

   d.  Department:

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov |

CM-015

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

2. *(continued)*

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply)*:

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

3.   a. Title:

   b. Case number:

   c. Court: ☐ same as above

      ☐ other state or federal court *(name and address)*:

   d. Department:

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply)*:

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: 12/11/14

Linda M. Dardarian
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

*Linda M. Dardarian* (signature)
_____
(SIGNATURE OF PARTY OR ATTORNEY)

SUM-100

# SUMMONS
## (CITATION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
  LUMBER LIQUIDATORS, INC., a Delaware corporation, and DOES ONE through TEN inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
  JOSEPH MICHAEL BALERO, MICHAEL BALLERINI, AND LISA MILLER, on their own behalf and on behalf of all others similarly situated,

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
ALAMEDA COUNTY

DEC 1 1 2014

CLERK OF THE SUPERIOR COURT
By _____
               Deputy

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

    You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

    *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

    *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

    *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Alameda County Superior Court, 1225 Fallon Street, Oakland, CA 94612

</td><td>

CASE NUMBER:
*(Número del Caso):*
RG14751116

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Linda M. Dardarian (SBN 131001), Andrew P. Lee (SBN 245903), Megan E. Ryan (SBN 264922), GOLDSTEIN, BORGEN, DARDARIAN & HO, 300 Lakeside Drive, Suite 1000, Oakland, CA 94612, (510) 763-9800 (tel.), (510) 835-1417 (fax)

<table>
<tr><td>DATE:<br>*(Fecha)*  DEC 1 1 2014 Leah T. Wilson</td><td>Clerk, by<br>*(Secretario)* _____</td><td>, Deputy<br>*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

```
┌  GOLDSTEIN, BORGEN,      ┐  ┌  Lumber Liquidators, Inc        ┐
   DARDARIAN & HO
   Attn: Dardarian, Linda M.
   300 Lakeside Drive
└  Suite 1000              ┘  └                                 ┘
   Oakland, CA   94612-3534
```

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| Balero | No. <u>RG14751116</u> |
| Plaintiff/Petitioner(s) | |
| VS. | |
| Lumber Liquidators, Inc | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 01/26/2015   TIME: 02:30 PM   DEPARTMENT: 17
LOCATION: Administration Building, Third Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 02/26/2015   TIME: 02:30 PM   DEPARTMENT: 17
LOCATION: Administration Building, Third Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 17 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6933. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 17.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 17.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 17 by e-mail at Dept.17@alameda.courts.ca.gov or by phone at (510) 267-6933.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 12/18/2014            Leah T. Wilson  Executive Officer / Clerk of the Superior Court

By        *Cheryl Clark*
                                                        Digital
                                            Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/19/2014.

By        *Cheryl Clark*
                                                        Digital
                                            Deputy Clerk

# THE SUPERIOR COURT OF CALIFORNIA

# COUNTY OF ALAMEDA

- Log In

DomainWeb your resource for case filing information



- DomainWeb
- How This Site Works
- FAQ

Case Details

## Case Number: RG14751116    Title: Balero VS Lumber Liquidators, Inc

- Case Summary
- Register of Action
- Participants
- Tentative Rulings
- Future Hearings
- Minutes

| Date | Action |
|---|---|
| 1/5/2015 | This Tentative Ruling is made by Judge George C. Hernandez, Jr. The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. The matter is assigned for all purposes including trial to Department 17 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. COMPLEX CASE FEES Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson |

| Date | Action |
|------|--------|

Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. PROCEDURES Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules, and the protocols set forth on the Court's website for Department 17. All motions and ex parte applications shall be noticed for hearing in Department 17. The parties shall reserve hearing dates and times by contacting the Department 17 courtroom clerk via email at Dept.17@alameda.courts.ca.gov . The courtroom clerk can also be contacted by phone at (510) 267-6933, but phone contact should be used very sparingly. E-mail is the preferred method of communication. Courtesy (bench) copies of all filings should be delivered directly to Dept. 17 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.17@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 17). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned. CASE MANAGEMENT At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb. However, courtesy copies of statements must be delivered directly to Dept. 17. The filing and delivery date is not later than five court days before the conference. The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable: A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages. B. The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable; C. Deadlines and limits on joinder of parties and amended or additional pleadings; D. Class discovery and class certification; E. A proposed schedule for the conduct of the litigation including, but not

**Date**                                          **Action**

limited to, a discovery plan, a plan for hearing remaining law and motion, and a
projected trial date; F. An identification of all potential evidentiary issues involving
confidentiality or protected evidence; G. A detailed description of the procedural
posture of the case, describing any outstanding procedural problems, including, but not
limited to: (1) unserved parties and the reasons for the failure to serve; (2) unserved
and/or unfiled cross-complaints; (3) related actions pending in any jurisdiction and the
potential for coordination or consolidation; (4) any possible jurisdictional or venue
issues that may arise; (5) the status of discovery, including a description of all
anticipated discovery and incomplete or disputed discovery issues; (6) unresolved law
and motion matters; (7) requests for, or opposition to, any ADR proceedings, including
but not limited to mediation, judicial or contractual arbitration; (8) severance of issues
for trial; and (9) calendar conflicts for any attorney, witness, or party, and any other
matter which may affect the setting of a trial date. H. Counsel may make suggestions
for streamlining the litigation, including, but not limited to, a master file system,
designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of
process and/or management of discovery, the use of e-filing, and the use of a web-page
maintained by lead counsel for the purpose of posting the litigation schedule and
agenda. SERVICE OF THIS ORDER Counsel for plaintiff(s) shall have a continuing
obligation to serve a copy of this order on newly joined parties defendant not listed on
the proof of service of this order and file proof of service. Each party defendant joining
any third party cross-defendant shall have a continuing duty to serve a copy of this
order on newly joined cross-defendants and to file proof of service. The order will be
issued by the court.

Page: 1 of 1

Feedback Use and Privacy Policy System Requirements Contact Us ® 2015 – Superior Court of
California, County of Alameda



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA  94702-1612
Telephone: (510) 548-2377      Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035      Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100      Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:  FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY |
|---|
| STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: |

| PLAINTIFF/PETITIONER: |
|---|
| DEFENDANT/RESPONDENT: |

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided.

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                    Time:                    Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

   ☐ Court mediation        ☐ Judicial arbitration

   ☐ Private mediation      ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PLAINTIFF)

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
| DEFENDANT/RESPONDENT: | |

Date:

_____     ▶ _____

(TYPE OR PRINT NAME)                          (SIGNATURE OF DEFENDANT)

Date:

_____     ▶ _____

(TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

1  Linda M. Dardarian (SBN 131001)
   ldardarian@gbdhlegal.com
2  Andrew P. Lee (SBN 245903)
   alee@gbdhlegal.com
3  Megan E. Ryan (SBN 264922)
   mryan@gbdhlegal.com
4  GOLDSTEIN, BORGEN, DARDARIAN & HO
   300 Lakeside Drive, Suite 1000
5  Oakland, CA  94612
   Tel:  (510) 763-9800
6  Fax:  (510) 835-1417

7  Michael R. Lozeau (SBN 142893)
   michael@lozeaudrury.com
8  Richard T. Drury (SBN 163559)
   richard@lozeaudrury.com
9  LOZEAU | DRURY LLP
   410 12th Street, Suite 250
10 Oakland, CA  94607
   Tel:  (510) 836-4200
11 Fax:  (510) 836-4205

12 Attorneys for Plaintiffs

13            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14               **FOR THE COUNTY OF ALAMEDA**

15 JOSEPH MICHAEL BALERO, MICHAEL          Case No.: RG14751116
   BALLERINI, AND LISA MILLER, on their own
16 behalf and on behalf of all others similarly situated,   **AFFIDAVIT OF LINDA M. DARDARIAN**
                                                           **PURSUANT TO CALIFORNIA CIVIL**
17        Plaintiffs,                                      **CODE § 1780(d)**

18 vs.

19 LUMBER LIQUIDATORS, INC., a Delaware
   corporation, and DOES ONE through TEN
20 inclusive,

21        Defendants.

22

23

24

25

26

27

28

557908.4

1.     I am an attorney duly admitted to practice before all courts of the State of California.  I am a partner in the firm of Goldstein, Borgen, Dardarian and Ho.

2.     This action has been commenced in a county described in California Civil Code §1780(d) as a proper place for the trial of the action.

3.     Lumber Liquidators, Inc., the Defendant in this action, does business in Alameda County.  Lumber Liquidators operates stores located in the cities of Albany, California, Livermore, California and San Leandro, California, all of which are located within the county of Alameda.  Furthermore, Plaintiffs Balero and Ballerini purchased the products in question at stores located within Alameda County and thus a substantial portion of the transactions also occurred in the county of Alameda.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on January 12, 2015 at Oakland, California.

Linda M. Dardarian
Linda M. Dardarian

AFF. OF LINDA M. DARDARIAN PURSUANT TO CALIFORNIA CIVIL CODE § 1780

557908.4

1  Linda M. Dardarian (SBN 131001)
   ldardarian@gbdhlegal.com
2  Andrew P. Lee (SBN 245903)
   alee@gbdhlegal.com
3  Megan E. Ryan (SBN 264922)
   mryan@gbdhlegal.com
4  GOLDSTEIN, BORGEN, DARDARIAN & HO
   300 Lakeside Drive, Suite 1000
5  Oakland, CA  94612
   Tel:  (510) 763-9800
6  Fax:  (510) 835-1417

7  Michael R. Lozeau (SBN 142893)
   michael@lozeaudrury.com
8  Richard T. Drury (SBN 163559)
   richard@lozeaudrury.com
9  LOZEAU | DRURY LLP
   410 12th Street, Suite 250
10 Oakland, CA  94607
   Tel:  (510) 836-4200
11 Fax:  (510) 836-4205

12 Attorneys for Plaintiffs

ENDORSED
FILED
ALAMEDA COUNTY

JAN 1 2 2015

CLERK OF THE SUPERIOR COURT
By_____
                        Deputy

13            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14               **FOR THE COUNTY OF ALAMEDA**

15 JOSEPH MICHAEL BALERO, MICHAEL      | Case No.: RG14751116
   BALLERINI, AND LISA MILLER, on their own
16 behalf and on behalf of all others similarly situated, | CLASS ACTION

17         Plaintiffs,              | **FIRST AMENDED COMPLAINT FOR
                                    | RESTITUTION, DAMAGES, AND
18 vs.                             | INJUNCTIVE RELIEF**

19 LUMBER LIQUIDATORS, INC., a Delaware   | 1.  **UNLAWFUL BUSINESS ACTS OR
   corporation, and DOES ONE through TEN  |     PRACTICES (Cal. Bus. & Prof. Code
20 inclusive,                        |     § 17200 *et seq.*);**

21         Defendants.             | 2.  **FRAUDULENT BUSINESS ACTS OR
                                    |     PRACTICES (Cal. Bus. & Prof. Code
22                                 |     § 17200 *et seq.*);**

23                                 | 3.  **UNFAIR BUSINESS ACTS OR
                                    |     PRACTICES (Cal. Bus. & Prof. Code
24                                 |     § 17200 *et seq.*);**

25                                 | 4.  **FALSE ADVERTISING LAW (Cal. Bus.
                                    |     & Prof. Code § 17500 *et seq.*);**

26                                 | 5.  **CONSUMER LEGAL REMEDIES ACT
                                    |     (Cal. Civ. Code § 1750 *et seq.*);**
27
                                    | 6.  **BREACH OF EXPRESS WARRANTY
28                                 |     (Cal. Uniform Com. Code § 2313)**

                                    | 7.  **DECLARATORY RELIEF**

                                    | **DEMAND FOR JURY TRIAL**

FIRST AMENDED COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

1    Plaintiffs Joseph Michael Balero, Michael Ballerini, and Lisa Miller ("Plaintiffs"), on behalf of

2    themselves and all others similarly situated (hereinafter "Class Members"), bring this class action

3    against Lumber Liquidators, Inc. ("Defendant" or "Lumber Liquidators") and DOES ONE through

4    TEN, inclusive, and complain and allege the following upon personal knowledge as to their own

5    experiences, and based upon information and belief as to all other matters:

## I.    INTRODUCTION

7    1.    Defendant Lumber Liquidators, Inc. supervises and controls the manufacturing, and

8    packages, distributes, markets and/or sells laminate wood flooring products to consumers in California.

9    Defendant's labels on these laminate wood flooring products represent that the products comply with

10   strict formaldehyde emission standards promulgated by the California Air Resources Board ("CARB")

11   and enumerated in California's Airborne Toxic Control Measure to Reduce Formaldehyde Emissions

12   from Composite Wood Products ("CARB Regulations"). Cal. Code Regs. tit. 17, §§ 93120-93120.12.

13   Formaldehyde is a substance known to the State of California to cause cancer. However, laminate

14   wood flooring products that are manufactured in China and sold by Lumber Liquidators to consumers

15   in California emit formaldehyde gas at levels that exceed the strict limits set forth in the CARB

16   standards. Defendant fails to disclose the unlawful level of formaldehyde emission to consumers.

17   Hence, California consumers are buying flooring products from Defendant that should not be

18   distributed or sold in California. They are also buying flooring products from Defendant that

19   Defendant says are safe when in fact they are not.

20   2.    Exposure to formaldehyde is linked to increased risk of cancer of the nose and sinuses,

21   nasopharyngeal and oropharyngeal cancer, lung cancer, and leukemia. Formaldehyde also causes

22   burning eyes, nose and throat irritation, coughing, headaches, dizziness, joint pain and nausea.

23   Formaldehyde has also been linked to the exacerbation of asthma in formaldehyde-sensitive

24   individuals.

25   3.    Laminate wood flooring is generally composed of a base layer of pressed composite wood

26   (particle board or medium-density fiberboard), which is a mixture of sawdust or wood particles bonded

27   together with glue or resin, and a top layer which is usually a veneer or other material such as a

28   photographic image or picture of wood, affixed as a decorative surface. The CARB Regulations

560391.2

1  categorize medium density fiberboard as either "MDF," which has a thickness of greater than 8 mm, or

2  "Thin MDF," which has a thickness of 8mm or less.  Cal. Code Regs. tit. 17, §§ 93120.

3       4.    Inexpensive laminate wood flooring, often produced in China, can be a significant

4  source of formaldehyde gas emissions since formaldehyde glues and resins are used to hold the pressed

5  wood together.

6       5.    Lumber Liquidators supervises and controls the manufacturing of laminate wood

7  flooring products from several manufacturing plants in China.  Lumber Liquidators sells those

8  laminate wood flooring products at Lumber Liquidators' 37 retail stores in California.  Defendant also

9  sells those laminate wood flooring products to California consumers through Lumber Liquidators'

10  retail website, www.lumberliquidators.com, and through its toll free customer service telephone line,

11  1-800-HARDWOOD (1-800-427-3966).

12       6.    From October 2013 through November 2014, three certified and accredited laboratories

13  tested the formaldehyde emissions of laminate wood flooring purchased from several nationwide retail

14  outlets, including Home Depot, Lowe's, and Lumber Liquidators.  Of the dozens of products tested, by

15  far the highest formaldehyde levels were found in the laminate wood flooring sold by Lumber

16  Liquidators that was produced in China.  Similar products manufactured in North America generally

17  had much lower formaldehyde levels that complied with the formaldehyde emission standards

18  promulgated by CARB.  Similar products tested from Lumber Liquidators' competitors also showed

19  significantly lower formaldehyde levels that generally complied with the CARB formaldehyde

20  emission standards.

21       7.    Over the past several months, a sample of each available brand of Chinese-made

22  laminate wood flooring product that Defendant sells in California was tested by a certified laboratory

23  using the testing methodology specified by CARB.  As set forth in paragraph 27 below, each sampled

24  product exceeded the CARB limit for formaldehyde emissions.

25       8.    Consistent with this pattern of test results showing that Lumber Liquidators' laminate

26  wood flooring products exceed the CARB formaldehyde emission limits, on or about October 17,

27  2014, laminate wood flooring that Plaintiffs Joseph Michael Balero, Michael Ballerini, and Lisa Miller

28

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

560391.2

1    purchased from Lumber Liquidators in California was also tested by a certified laboratory using CARB

2    testing methodology.  Each of those products exceeded the CARB limits for formaldehyde emissions.

3         9.    Lumber Liquidators does not give consumers any warnings about unlawful

4    formaldehyde levels in its laminate wood flooring products, but instead represents on its product

5    labels, website, and warranties that its flooring products comply with strict formaldehyde standards.

6    Lumber Liquidators has made false and misleading statements that its flooring products comply with

7    CARB formaldehyde standards, and the even more stringent European formaldehyde standards.

8    Lumber Liquidators' website falsely states, "we not only comply with laws-we exceed them."  Highest

9    Quality Flooring.  GUARANTEED., lumberliquidators.com,

10   http://www.lumberliquidators.com/ll/flooring/quality?WT.ad=GLOBAL_FOOTER_Quality (last

11   visited on December 10, 2014).

12        10.   Plaintiffs seek to represent themselves and similarly-situated persons in California who

13   have purchased Defendant's laminate wood flooring products that were manufactured in China,

14   labeled as CARB compliant, and sold to consumers in California at any time from January 1, 2011

15   through the date of judgment herein ("the putative class").  Pursuant to California Business &

16   Professions Code §§ 17203, 17500 *et seq.*, Plaintiffs seek restitution of monies they and the putative

17   class spent on Defendant's flooring products.  Pursuant to California Business & Professions Code

18   § 17203 and California Civil Code § 1780, Plaintiffs seek injunctive relief enjoining Defendant's

19   ongoing unlawful, unfair, and fraudulent business practices.  Pursuant to California Uniform

20   Commercial Code § 2313, Plaintiffs seek damages on behalf of themselves and the putative class.

## II.    JURISDICTION AND VENUE

22        11.   This Court has jurisdiction over this action pursuant to California Constitution Article

23   VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given

24   by statute to other trial courts."  The statutes under which this action is brought do not specify any

25   basis for jurisdiction in another trial court.

26        12.   This Court has jurisdiction over Defendant because Defendant is a business that has

27   sufficient minimum contacts with California, or otherwise intentionally avails itself of the California

28   market through the distribution and sale of laminate wood flooring products in the State of California

3

560391.2

1    to render the exercise of jurisdiction over it by the California courts consistent with traditional notions

2    of fair play and substantial justice.

3        13.    The Court has jurisdiction over Doe Defendants because they conduct business within

4    the state of California.

5        14.    Venue is proper in this Court because Defendant has sold laminate wood flooring

6    products to Plaintiffs Balero, Ballerini, and members of the putative class in the County of Alameda.

7    Additionally, Plaintiffs Balero, Ballerini, and members of the putative class who purchased

8    Defendant's laminate wood flooring products reside in the County of Alameda.

9                        III.    **PARTIES**

10       15.    Plaintiff Joseph Michael Balero ("Plaintiff Balero") is, and at all relevant times has

11   been, a resident of Alameda County, California.  On March 3, 2013, Mr. Balero purchased 8 mm

12   Dream Home Nirvana French Oak Laminate Flooring at a Lumber Liquidators store located in

13   Alameda County.

14       16.    Michael Ballerini ("Plaintiff Ballerini") is, and at all relevant times has been, a resident

15   of Alameda County, California.  On January 11, 2014, Plaintiff Ballerini purchased 8 mm Dream

16   Home Nirvana Royal Mahogany Laminate Flooring at a Lumber Liquidators store located in Alameda

17   County.

18       17.    Plaintiff Lisa Miller ("Plaintiff Miller") is, and at all relevant times has been, a resident

19   of Solano County, California.  On May 26, 2012 and February 26, 2014, Plaintiff Miller purchased 12

20   mm Dream Home Ispiri America's Mission Olive Laminate Flooring at a Lumber Liquidators store

21   located in Contra Costa County.

22       18.    The Plaintiffs are all consumers within the meaning of California Civil Code § 1761.

23       19.    Defendant Lumber Liquidators Inc. is a Delaware corporation with its headquarters and

24   principal place of business in Toano, Virginia.  Lumber Liquidators, Inc. distributes, markets, and/or

25   sells laminate wood flooring products in California.  Lumber Liquidators, Inc. sells goods within the

26   meaning of California Civil Code § 1761.

27       20.    Lumber Liquidators is one of the largest specialty retailers of hardwood flooring in the

28   United States, with over 300 retail stores in 46 states, including 37 stores in California.

21.     Defendants DOES ONE through TEN inclusive are sued herein pursuant to California

Code of Civil Procedure § 474.

## IV.     FACTUAL ALLEGATIONS

### A.     California's Formaldehyde Standard

22.     On January 1, 1988, the State of California officially listed Formaldehyde (gas) as a

chemical known to cause cancer.

23.     In 1992, the CARB formally listed formaldehyde as a Toxic Air Contaminant in

California with no safe level of exposure.

24.     The CARB approved the Airborne Toxic Control Measure to Reduce Formaldehyde

Emissions from Composite Wood Products in April 2007.  The formaldehyde emission standards

became effective January 2009 and set decreasing limits in two Phases.  Cal. Code Regs., tit. 17,

§ 93120.2(a).

25.     The CARB Regulations apply to composite wood ("laminate") products including

flooring.  Cal. Code Regs., tit. 17, § 93120.2(a).

26. The CARB Phase 1 Emission Standard for MDF, which was in effect from January 1, 2009

to December 31, 2010, limited formaldehyde emissions to .21 parts per million ("ppm").  The Phase 2

Emission Standard for MDF dictates that as of January 1, 2011, MDF flooring products such as those

involved in this action that are sold in California must emit no more than 0.11 parts per million

("ppm") of formaldehyde.  The CARB Phase 1 Emission Standard for Thin MDF, which was in effect

from January 1, 2009 to December 31, 2011, limited formaldehyde emissions to .21 ppm. The CARB

Phase 2 Emission Standard for Thin MDF dictates that as of January 1, 2012, thin MDF flooring

products such as those involved in this action that are sold in California must emit no more than 0.13

ppm of formaldehyde. Cal. Code Regs., tit. 17, § 93120.2(a).  Hereinafter, the formaldehyde emission

standards for both MDF and Thin MDF will be referred to as the "CARB limit.")

### B.     Lumber Liquidators' Laminate Wood Flooring Products

27.     Defendant supervises and/or controls the manufacturing and packaging of laminate

wood flooring products in China that Defendant then distributes, markets, and/or sells in California.

Those laminate wood flooring products contain formaldehyde and emit formaldehyde gas at levels that

560391.2

1    exceed, and sometimes grossly exceed, the CARB limit. Those laminate wood flooring products

2    include the following:

3         a.    8 mm Dream Home Nirvana Royal Mahogany Laminate Flooring (the product

4                 purchased by Plaintiff Ballerini);

5         b.    8 mm Dream Home Nirvana French Oak Laminate Flooring (the product

6                 purchased by Plaintiff Balero);

7         c.    12 mm Dream Home Ispiri Poplar Forest Oak Laminate Flooring (the product

8                 purchased by Plaintiff Miller);

9         d.    12 mm Dream Home Kensington Manor Antique Bamboo Laminate Flooring;

10        e.    12 mm Dream Home St. James Oceanside Plank Laminate Flooring;

11        f.    12 mm Dream Home Kensington Manor Warm Springs Chestnut Laminate

12                 Flooring;

13        g.    15 mm Dream Home St. James Sky Lakes Pine Laminate Flooring;

14        h.    12 mm Dream Home Kensington Manor Imperial Teak Laminate Flooring;

15        i.    12 mm Dream Home St. James Vintner's Reserve Laminate Flooring;

16        j.    12 mm Dream Home Kensington Manor Cape Doctor Laminate Flooring;

17        k.    12 mm Dream Home St. James Golden Acacia Laminate Flooring;

18        l.    12 mm Dream Home Kensington Manor Sandy Hills Hickory Laminate

19                 Flooring;

20        m.    12 mm Dream Home Kensington Manor Tanzanian Wenge Laminate Flooring;

21        n.    12 mm Dream Home Ispiri America's Mission Olive Laminate Flooring;

22        o.    12 mm Dream Home Kensington Manor Golden Teak Laminate Flooring;

23        p.    12 mm Dream Home Kensington Manor Summer Retreat Teak Laminate

24                 Flooring;

25        q.    12 mm Dream Home Kensington Manor Glacier Peak Poplar Laminate

26                 Flooring;

27        r.    12 mm Dream Home St. James Brazilian Koa Laminate Flooring;

28        s.    12 mm Dream Home St. James Blacksburg Barn Board Laminate Flooring;

t.     12 mm Dream Home St. James Nantucket Beech Laminate Flooring;

u.     12 mm Dream Home St. James Chimney Rock Charcoal Laminate Flooring;

v.     12 mm Dream Home St. James African Mahogany Laminate Flooring;

w.     12 mm Dream Home Kensington Manor Fumed African Ironwood Laminate Flooring.

28.     CARB regulations apply to all of these flooring products.

29.     On information and belief, each of the Lumber Liquidators' laminate wood flooring products listed in paragraph 27 above are manufactured in China using a common formula, design or process.

30.     On information and belief, each of the Lumber Liquidators' laminate wood flooring products listed in paragraph 27 above emit formaldehyde gas at levels that exceed the CARB limit.

## V.     LUMBER LIQUIDATORS MISREPRESENTS THAT ITS LAMINATE WOOD FLOORING PRODUCTS MEET CARB STANDARDS

31.     Despite unlawful levels of formaldehyde emissions from its laminate wood flooring products, Defendant misrepresent to consumers on their website, product packaging, and warranties that their laminate wood flooring products meet the CARB standards for formaldehyde emissions.

32.     Lumber Liquidators' website leads consumers to believe that the company's laminate wood flooring products comply with the CARB formaldehyde standards when they do not.  The website states as follows:

> Is Lumber Liquidators Compliant with the California law?
>
> Laminate and engineered flooring products sold by Lumber Liquidators are purchased from mills whose production method has been certified by a Third Party Certifier approved by the State of California to meet the CARB standards.  The scope of the certification by the Third Party Certifier includes the confirmation that the manufacturer has implemented the quality systems, process controls, and testing procedures outlined by CARB and that their products conform to the specified regulation limits.  The Third Party Certifier also provides ongoing oversight to validate the manufacturers' compliance and manufacturers must be periodically re-certified.
>
> Does CARB only apply to California?
>
> Though it currently applies only to products sold in California, Lumber Liquidators made a decision to require all of our vendors to comply with the California Air Resources Board regulations regardless of whether we

7

560391.2

intended to sell the products in California or any other state/country.

What extra steps does Lumber Liquidators take to ensure compliance?

In addition to the California Air Resources Board requirements, Lumber Liquidators regularly selects one or more finished products from each of its suppliers and submits them for independent third-party lab testing. This is done as a monitoring activity to validate ongoing quality control.

What are the California Air Resource Board Regulations?, lumberliquidators.com, http://www.lumberliquidators.com/ll/flooring/ca-air-resources-board-regulations?Wt.ad=GLOBAL_FOOTER_CaliRegCARB (last visited on December 10, 2014).

33.   In addition, the product packaging for Lumber Liquidators' laminate wood flooring states: "CARB . . . Phase 2 Compliant Formaldehyde." On information and belief, this statement is presented on all Lumber Liquidators' laminate flooring product packaging regardless of whether the flooring inside the packaging complies with the CARB standards.



34.   Lumber Liquidators' purchase orders come with a warranty stating that the customer's purchased flooring products comply "with all applicable laws, codes and regulations," and "bear all warnings, labels, and markings required by applicable laws and regulations." Purchase Order Terms and Conditions, lumberliquidators.com, http://www.lumberliquidators.com//ll/customer-care/potc800201 (last visited on December 10, 2014).

35.   Lumber Liquidators website guarantees the "highest quality" flooring, and states:

8

560391.2

"We inspect your flooring at every stage: before it's finished, during production, and as it's shipped. … **to ensure you get only the best."**

Highest Quality Flooring.   GUARANTEED., lumberliquidators.com, (http://www.lumberliquidators.com/ll/flooring/quality?WT.ad=GLOBAL_FOOTER_Quality   (last visited on December 10, 2014) (emphasis in original).

36.   Instead of warning consumers about formaldehyde emissions from its laminate wood flooring products, Lumber Liquidators' website states that it has Third Party Certifiers approve its flooring products to meet CARB standards.

Regulations and Lumber Liquidators' Compliance

The California Air Reform Bill (CARB) requires that products containing Hardwood Plywood Veneer Core (HWP-VC), Hardwood Plywood Composite Core (HWP-CC), Particleboard and MDF be tested for emissions and products not meeting the strict standards for emissions may not be sold in California.

The Environmental Protection Agency has drafted national standards for formaldehyde emissions in composite wood products that are similar to those of California. Those standards have not yet been enacted.

All laminates and engineered flooring products sold by Lumber Liquidators are purchased from mills whose production method has been certified by a Third Party Certifier approved by the State of California to meet the CARB standards. The scope of the certification by the Third Party Certifier includes the confirmation that the manufacturer has implemented the quality systems, process controls, and testing procedures outlined by CARB and that their products conform to the specified formaldehyde emission limits. The Third Party Certifier also provides ongoing oversight to validate the manufacturers' compliance and manufacturers must be periodically re-certified. Though it currently applies only to products sold in California, Lumber Liquidators made a decision to require all of our suppliers to comply with CARB regardless of whether we intended to sell the products in California or any other state/country. In addition, our suppliers manufacture their products in accordance with the European standard which has stricter guidelines than the California. In addition to the CARB requirements, Lumber Liquidators regularly selects one or more products from each of its suppliers and submits them for independent third-party lab testing. This is done as a monitoring activity to validate ongoing compliance.

Formaldehyde–What         is         it?.         Lumberliquidators.com, http://www.lumberliquidators.com/ll/flooring/Flooring101-formaldehyde-what-is-it (last visited on December 10, 2014.)

37.   Lumber Liquidators materially misrepresents the safety of its laminate wood flooring products by advertising its flooring products as compliant with the CARB limit when in fact they are not.

9

560391.2

38.     Lumber Liquidators makes the material omission of failing to tell consumers that they are buying laminate wood flooring products with unlawfully high levels of formaldehyde.

39.     These laminate wood flooring products have been sold by Defendant for use in California for over four years.

40.     Defendant continues to distribute and sell its laminate wood flooring products to customers in California with the representation that they are CARB compliant, even though they are not.

## VI.   LUMBER LIQUIDATORS KNOWINGLY MISREPRESENTS THE SAFETY OF ITS LAMINATE WOOD FLOORING PRODUCTS

41.     On information and belief, at all times relevant to this action, Lumber Liquidators has knowingly misrepresented its laminate wood flooring products as CARB compliant and knowingly failed to disclose to consumers the unlawful levels of formaldehyde emissions from its laminate wood flooring products.

42.     At the same time that Defendant is representing in its public statements to consumers that the laminate wood products it sells are sourced from mills whose production methods are CARB compliant and that the products conform to CARB's specified formaldehyde emission limits, Defendant has acknowledged in statements made to the Securities and Exchange Commission that, "While our suppliers agree to operate in compliance with applicable laws and regulations, including those relating to environmental and labor practices, we do not control our suppliers. Accordingly, we cannot guarantee that they comply with such laws and regulations or operate in a legal, ethical and responsible manner. Violation of environmental, labor or other laws by our suppliers or their failure to operate in a legal, ethical and responsible manner, could . . . expose us to legal risks as a result of our purchase of product from non-compliant suppliers." Lumber Liquidators February 19, 2014 10-K to the United States Securities and Exchange Commission at p. 14, http://investors.lumberliquidators.com/index.php?o=25&s=127. In the same SEC filing, however, Lumber Liquidators admits that it oversees quality control in its Chinese mills: "We are able to set demanding specifications for product quality and our own quality control and assurance teams are on-site at the mills, coordinating inspection and assurance procedures." Lumber Liquidators February 19,

10

1  2014 10-K to the United States Securities and Exchange Commission at p. 5. Despite its stated

2  concern that its suppliers might not comply with environmental regulations, Defendant has failed to

3  sufficiently exercise its acknowledged quality control over those suppliers to ensure that they comply

4  with CARB standards, and Defendant continues to sell to California consumers laminate wood flooring

5  products that Defendant obtains from those suppliers.

6       43.    On June 20, 2013, *Seeking Alpha*, a news website with millions of viewers, published a

7  lengthy article documenting high formaldehyde levels in Chinese-made laminate flooring sold by

8  Lumber Liquidators. The author of the article, Xuhua Zhou, retained a certified laboratory to test three

9  samples of Chinese-made laminate flooring sold by Lumber Liquidators. Zhou's article states, "The

10  tested product, Mayflower 5/16" x 5" Bund Birch Engineered, emits a staggering three and half times

11  over the government mandated maximum emission level. The product is clearly not CARB compliant

12  yet Lumber Liquidators tagged CARB compliance on the box." Xuhua Zhou, *Illegal Products Could*

13  *Spell Big Trouble At Lumber Liquidators*, Seeking Alpha (June 20, 2013, 2:33 PM ET),

14  http://seekingalpha.com/article/1513142-illegal-products-could-spell-big-trouble-at-lumber-liquidators

15  (last visited on December 10, 2014).

16       44.    On information and belief, high formaldehyde content resins and glues are less

17  expensive and dry more quickly than low formaldehyde glues and resins. By using high formaldehyde

18  content resins and glues rather than low formaldehyde content resins and glues, Lumber Liquidators'

19  Chinese manufacturers are able to produce laminate wood flooring more quickly and at higher volumes

20  thereby reducing costs and generating greater profits for Lumber Liquidators.

21       45.    On or about November 26, 2013, a putative federal securities class action lawsuit was

22  filed against Lumber Liquidators in the United States District Court in the Eastern District of Virginia

23  based on drops in the stock price following the *Seeking Alpha* article and its allegations concerning the

24  formaldehyde emissions from Defendant's laminate wood flooring products. *Kiken v. Lumber*

25  *Liquidators Holdings, Inc., et al.*, 4:2013-cv-00157 (E.D.Va). This case is currently pending.

26       46.    On or about December 3, 2013, another putative class action lawsuit was filed against

27  Lumber Liquidators in the same federal court alleging claims related to illegal formaldehyde emissions

28  from Defendant's laminate wood flooring products. *Williamson v. Lumber Liquidators Holdings, Inc.*,

11

1   1:13-cv-01487-AJT-TCB (E.D.Va.).  Although the case was dismissed due to a technicality, Lumber

2   Liquidators was made aware during the pendency of that lawsuit of complaints and allegations that its

3   laminate wood flooring products from China emit formaldehyde gas at levels that violate the CARB

4   limit.

5          47.     Numerous Lumber Liquidators customers have posted internet complaints on

6   Defendant's website concerning formaldehyde emissions, including Deborah of North Fork, California

7   who posted on the Consumer Affairs website on September 11, 2014:

8              We spent thousands of dollars and went with the LL recommended
               professional installer… the product we were sold was supposedly Made
9              in the USA--nope, China. One of my children cannot walk barefoot on
               the floor because he will blister from the formaldehyde content. We
10             saved for years for this floor, it will need to be replaced. Please RUN to
               another dealer. This company does not care about the customer one bit.
11             This has been a devastating blow to our family. Consumer Complaints &
               Reviews,
12             http://www.Consumeraffairs.com/homeowners/lumber_liquidators.html
13             on December 2, 2014.)

14         48.     Based on these lawsuits, articles, and blog posts, Defendant knew or should have known

15   that its laminate wood flooring products were not compliant with CARB standards.  Despite this

16   knowledge, Defendant failed to reformulate its flooring products so that they are CARB compliant or

17   to disclose to consumers that these products emit unlawful levels of formaldehyde.  Instead, Defendant

18   has sold and continues to sell laminate wood flooring products in California that exceed the CARB

19   limit and it has continually represented to consumers that those products are CARB compliant.

20   **VII.    FACTS RELATING TO NAMED PLAINTIFFS**

21   **Plaintiff Joseph Michael Balero**

22         49.     On March 3, 2013, Plaintiff Joseph Michael Balero purchased 8 mm Dream Home

23   Nirvana French Oak Laminate Flooring at a Lumber Liquidators store located in Livermore,

24   California.  On information and belief, the flooring was produced at the laminate mill in China called

25   Jiangsu Beier Decoration Materials, with the Medium Density Fireboard ("MDF") supplied by

26   Shandong Heyou.

27         50.     At the time that Plaintiff Balero purchased this laminate wood flooring, Lumber

28   Liquidators falsely represented that the product was compliant with CARB formaldehyde emission

12

560391.2

1   standards.  At the time of the purchase, Lumber Liquidators also failed to inform Plaintiff Balero that

2   the laminate wood flooring product he purchased actually exceeded the CARB formaldehyde emission

3   limit and that formaldehyde is a chemical known to the State of California to cause cancer.  Plaintiff

4   Balero relied on Lumber Liquidators' misrepresentations/omissions regarding compliance with CARB

5   formaldehyde emission standards when deciding to purchase the laminate wood flooring products and,

6   as a result, paid Lumber Liquidators for products he would not have otherwise purchased.

7        51.    On or about August or September 2014, Plaintiff Balero contacted Lumber Liquidators

8   to ask about the safety of his flooring.  On September 4, 2014, Matthew@lumberliquidators.com in

9   Virginia responded by assuring Plaintiff Balero that "Lumber Liquidators' products are also

10   independently tested to ensure compliance with the stringent California Air Resource Board (CARB)

11   emission standards . . . all of the flooring we sell meets the highest quality environmental standards."

12   On or about October 17, 2014, however, a sample of the laminate wood flooring product that Plaintiff

13   Balero purchased from Defendant was tested by a certified laboratory using CARB testing

14   methodology.  The results of the lab test show that Plaintiff Balero's laminate flooring product emits

15   formaldehyde gas at a level exceeds both the CARB Phase 1 and 2 limits for formaldehyde emissions

16   from Thin MDF.

17        52.    Knowing that his flooring exceeds the CARB formaldehyde emission limit, Plaintiff

18   Balero intends to have his flooring replaced.

19        53.    If Lumber Liquidators' laminate wood flooring becomes CARB compliant, Plaintiff

20   Balero would likely purchase it in the future.

21   **Plaintiff Michael Ballerini**

22        54.    On January 11, 2014, Plaintiff Michael Ballerini purchased 8 mm Dream Home Nirvana

23   Royal Mahogany Laminate Flooring at a Lumber Liquidators store located in Albany, California.  On

24   information and belief, the flooring was produced at the laminate mill in China called Jiangsu Beier

25   Decoration Materials with the MDF supplied by Shandong Heyou.

26        55.    At the time that Plaintiff Ballerini purchased this laminate wood flooring, Lumber

27   Liquidators falsely represented that the product was compliant with CARB standards for formaldehyde

28   emissions.  At the time of the purchase, Lumber Liquidators also failed to inform Plaintiff Ballerini

13

1   that the laminate wood flooring product he purchased actually exceeded the CARB formaldehyde

2   emission limit and that formaldehyde is a chemical known to the State of California to cause cancer.

3   Plaintiff Ballerini relied on Lumber Liquidators' misrepresentations and/or omissions regarding

4   compliance with CARB formaldehyde emission standards when deciding to purchase the laminate

5   wood flooring products and, as a result, paid Lumber Liquidators for products he would not have

6   otherwise purchased.

7          56. In August or September 2014, Plaintiff Ballerini called Lumber Liquidators to ask about the

8   safety of his flooring. On September 15, 2014, Matthew@lumberliquidators.com in Virginia

9   responded by assuring Plaintiff Ballerini that his "laminate floors are perfectly safe and are tested by

10   our own company and third party companies as well." On or about October 17, 2014, however, a

11   sample of the laminate wood flooring product that Plaintiff Ballerini purchased was tested by a

12   certified laboratory using CARB testing methodology. The results of the lab test show that Plaintiff

13   Ballerini's laminate flooring product emits formaldehyde gas at a level that exceeds both the CARB

14   Phase 1 and 2 limits for formaldehyde emissions from Thin MDF.

15          57.    Plaintiff Ballerini would not have purchased this flooring if he knew it emitted unlawful

16   levels of formaldehyde.

17          58.    If Lumber Liquidators' laminate wood flooring becomes CARB compliant, Plaintiff

18   Ballerini would likely purchase it in the future.

19   **Plaintiff Lisa Miller**

20          59.    On May 26, 2012 and again on February 26, 2014, Plaintiff Lisa Miller purchased 12

21   mm Dream Home Ispiri America's Mission Olive Laminate Flooring at a Lumber Liquidators store

22   located in Concord/Pacheco, California. On information and belief, the flooring was produced at the

23   laminate mill in China called Changzhou OPLS Decoration, with the MDF supplied by Shandong

24   Heyou.

25          60.    Before purchasing the product in 2012, Plaintiff Miller visited Lumber Liquidators'

26   website and read that they were an environmentally-friendly company. She relied on that

27   representation when purchasing her laminate flooring from Lumber Liquidators. When she received

28   her laminate wood flooring, she observed that the packaging stated that the flooring was CARB

14

1  compliant for formaldehyde.  If the package had stated that the flooring product was not compliant for

2  formaldehyde, she would have returned it and not installed it in her home.  Partly because of the

3  CARB compliance statement on the packaging of the laminate wood flooring she purchased in 2012,

4  Plaintiff Miller purchased more of the same flooring in 2014.

5         61.     At the time of both of Plaintiff Miller's purchases, Lumber Liquidators falsely

6  represented that the laminate wood flooring product Plaintiff Miller purchased was compliant with

7  CARB formaldehyde emission standards.  At the time of the purchases, Lumber Liquidators also failed

8  to inform Plaintiff Miller that the laminate wood flooring product she purchased actually exceeded the

9  CARB formaldehyde emission limit and that formaldehyde is a chemical known to the State of

10  California to cause cancer.  Plaintiff Miller relied on Lumber Liquidators'

11  misrepresentations/omissions regarding compliance with CARB formaldehyde emission standards

12  when deciding to purchase the laminate wood flooring products and, as a result, paid Lumber

13  Liquidators for products she would not have otherwise purchased.

14         62.     On or about October 17, 2014, a sample of the laminate wood flooring product that

15  Plaintiff Miller purchased in 2012 was tested by a certified laboratory using CARB testing

16  methodology.  On or about November 3, 2014, a sample of the laminate wood flooring product that

17  Plaintiff Miller purchased in 2014 was also tested by a certified laboratory using CARB testing

18  methodology.  The results of the lab tests show that Plaintiff Miller's 2012 laminate flooring product

19  emits formaldehyde gas at a level that exceeds the CARB Phase 2 limit for formaldehyde emissions

20  from MDF, and that the 2014 product exceeds the CARB Phase 2 limit for MDF by more than three

21  times.

22         63.     On October 23, 2014, Plaintiff Miller emailed Tom Sullivan at Lumber Liquidators

23  asking for a refund of her laminate wood flooring and installation costs because of unlawful levels of

24  formaldehyde present in the flooring.  On October 27, 2014, Brian Pullin of Lumber Liquidators

25  responded to Plaintiff Miller stating, "Lumber Liquidators' products are also independently tested to

26  ensure compliance with the stringent California Air Resource Board (CARB) emission standards,

27  which we apply to products sold nationwide."

28

560391.2

64.     Plaintiff Miller paid to have her flooring professionally installed in 2012 and 2014. Knowing that the flooring installed in her home significantly exceeds CARB formaldehyde emission standards, she has now had that flooring removed.

65.     If Lumber Liquidators' laminate wood flooring becomes CARB compliant, Plaintiff Miller would likely purchase it in the future.

## VIII.    CLASS ACTION ALLEGATIONS

66.     This case is maintainable as a class action pursuant to California Code of Civil Procedure § 382 for Defendants' violations of California Business and Professions Code §§ 17200, *et seq.*, and 17500, *et seq.*, California Civil Code § 1750, *et seq.*, and California Uniform Commercial Code § 2313.

67.     Each of the Plaintiffs has purchased Defendant's laminate wood flooring products in California during the four-year period prior to the date of the filing of this action ("the Class Period"). Each such product purchased by each Plaintiff was labeled as compliant with the CARB standards.

68.     Plaintiffs are representatives of all other consumers who have purchased laminate wood flooring products from Defendant in California that were advertised as compliant with CARB standards, and are acting on behalf of those consumers' interests.  Accordingly, Plaintiffs bring this action, pursuant to California Code of Civil Procedure § 382, on behalf of themselves and a proposed Class of similarly situated consumers.  The similarly situated consumers are readily identifiable through Defendant's own business records, including but not limited to customer receipts or invoices for Defendant's flooring products.  The Class that Plaintiffs seek to represent is defined as follows:

> All persons in California who purchased from Defendant one or more Chinese-made laminate wood flooring products, advertised as CARB compliant, from January 1, 2011 through the date of judgment.

During the Class Period, Class Members purchased laminate wood flooring products from Defendant that were falsely advertised as being compliant with CARB standards.  Instead, the flooring products emitted unlawful levels of formaldehyde, which Defendant failed to disclose.

16

560391.2

1

## Numerosity of Class

2        69.    The potential members of the class as defined are so numerous that joinder of all Class

3   Members is impracticable.  Although the precise number of such consumers is unknown, Plaintiffs

4   believe that there are thousands of class members.  The exact number is easily ascertained from

5   Lumber Liquidators' sales records, which are presently within Lumber Liquidators' control.

6        ## Existence and Predominance of Common Questions of Fact and Law

7        70.    There are questions of law and fact common to the class that predominate over any

8   questions affecting only individual members of the class, including without limitation, whether, as

9   alleged herein, (a) Lumber Liquidators' laminate wood flooring products sold in California exceed the

10  CARB limit; (b) Lumber Liquidators' representation in package labeling and advertising that its

11  laminate wood flooring products comply with the CARB limit was false; (c) Lumber Liquidators made

12  the false statement about CARB compliance to the entire class; (d) Lumber Liquidators failed to

13  disclose material information regarding the emission of unlawful levels of formaldehyde from its

14  laminate wood flooring products; (e) Lumber Liquidators' representations that its laminate wood

15  flooring products comply with the CARB limit have a capacity, likelihood or tendency to deceive or

16  confuse the public; (f) Lumber Liquidators' representations that its laminate wood flooring products

17  comply with the CARB limit are misleading; (g) Lumber Liquidators' representations that its laminate

18  wood flooring products comply with the CARB limit are likely to deceive reasonable consumers;

19  (h) Lumber Liquidators' representations that its laminate wood flooring products comply with the

20  CARB limit are material, as judged by an objective standard; (i) Lumber Liquidators' representations

21  that its laminate wood flooring products comply with the CARB limit constitute unlawful business

22  practices under the Unfair Competition Law, California Business & Professions Code § 17200, *et seq.*

23  ("UCL"); (j) Lumber Liquidators' representations that its laminate wood flooring products comply

24  with the CARB limit constitute unfair business practices under the UCL; (k) Lumber Liquidators'

25  representations that its laminate wood flooring products comply with the CARB limit constitute

26  fraudulent business practices under the UCL; (l) Lumber Liquidators' representations that its laminate

27  wood flooring products comply with the CARB limit violate the California Consumer Legal Remedies

28  Act, California Civil Code § 1750, *et seq.* ("CLRA"); (m) Lumber Liquidators' representations that its

17

560391.2

1   laminate wood flooring products comply with the CARB limit violate the California False Advertising

2   Law, California Business and Professions Code § 17500 *et seq.* ("FAL"); (n) Lumber Liquidators' sale

3   of laminate wood flooring products that fail to comply with the CARB limit constitutes an unlawful

4   business practice within the meaning of the UCL; (o) Lumber Liquidators' sale of laminate wood

5   flooring products that fail to comply with the CARB limit violates the CLRA; (p) monetary relief can

6   be calculated based on Lumber Liquidators' sales figures and an average retail sales price for the

7   product; and (q) Lumber Liquidators' representations that its laminate wood flooring products comply

8   with the CARB level constitute a breach of express warranty pursuant to California Commercial Code

9   § 2313.  Resolution of these questions, which are common to all class members, will generate common

10   answers that are likely to drive the resolution of this action.

11       **Typicality**

12       71.     The claims of the Plaintiffs are typical of the claims of the Class they seek to represent.

13   Plaintiffs and Class Members have purchased laminate wood flooring products from Lumber

14   Liquidators that were advertised as compliant with CARB standards, but instead emit formaldehyde

15   gas at levels that exceed the CARB limit.

16       72.     Plaintiffs and all Class Members were subjected to the same violations of their rights

17   under California law by Lumber Liquidators and have suffered damages, including the cost of their

18   flooring purchases resulting from Defendant's wrongful conduct, and the cost of installation of the

19   unlawfully sold flooring products.  In addition, Plaintiffs and the Class Members are entitled to

20   injunctive and equitable relief, as permitted by law, because Defendant's violations of state statutes

21   have harmed the Class Members in a concrete and particular way, the violations are ongoing, and harm

22   the public interest, especially when compared to Defendant's competitors who comply with the law.

23       **Adequacy of Representation**

24       73.     Each of the Named Plaintiffs, Joseph Michael Balero, Michael Ballerini, and Lisa

25   Miller, will fairly and adequately represent and protect the interests of the Class Members.  The

26   interests of Plaintiffs and Plaintiffs' counsel are not in conflict with those of the Class Members.

27   Plaintiffs and Plaintiffs' counsel will prosecute this action vigorously on behalf of the Class Members.

28

560391.2

1    Plaintiffs' counsel are competent and experienced in litigating large class actions, environmental

2    actions and other complex litigation matters.

3        **Superiority of Class Action**

4        74.    A class action is superior to other available means for the fair and efficient adjudication

5    of this controversy.  Each Class Member is entitled to restitution of the price of the laminate wood

6    flooring product that he or she purchased that failed to comply with the CARB limit and should not

7    have been sold in California, and the cost of installation and removal of the unlawfully sold flooring

8    products.  Each Class Member has also been damaged and is entitled to recovery because Lumber

9    Liquidators falsely advertised that their flooring was CARB compliant and/or omitted to tell

10   consumers that their flooring products emitted unlawful levels of formaldehyde.  The restitution due

11   and damages suffered by individual Class Members are small compared to the expense and burden of

12   individual prosecution of this litigation.  Individual plaintiffs may lack the financial resources to

13   vigorously prosecute a lawsuit against Defendant to recover damages stemming from Defendant's

14   unfair and unlawful practices.  In addition, class litigation is superior because it will obviate the need

15   for unduly duplicative litigation that might result in inconsistent judgments about the legality of

16   Defendant's sales and advertising practices.  Further, a class action is superior as Defendant has acted

17   in a manner that applies generally to the class, so that final injunctive relief and corresponding

18   declaratory relief are appropriate respecting the class as a whole, thereby making it desirable to

19   concentrate the litigation of class members' claims in a single forum.

20       **FIRST CAUSE OF ACTION**

21   **Violation of California Business and Professions Code § 17200, *et seq.*,
     Unlawful Business Acts and Practices**

22

23       75.    Plaintiffs re-allege and incorporate all paragraphs above as though fully set forth herein.

24       76.    California Business and Professions Code § 17200, *et seq.* authorizes courts to make

25   any orders necessary to prevent any act of "unfair competition," which includes "any unlawful

26   business act or practice."  Cal. Bus. & Prof. Code § 17200, 17203.

27       77.    Throughout the Class Period, Defendant has engaged in unlawful business acts and/or

28   practices by selling and/or distributing laminate wood flooring products in California that exceed the

19

1   CARB limit for formaldehyde emissions from composite wood products set forth in Title 17 of the

2   California Code of Regulations, § 93120.2(a).   Defendant's sale and distribution of laminate wood

3   flooring products in California that exceed the CARB standard for formaldehyde emissions violates

4   Code Cal. Regs. tit. 17, §§ 93120-93120.12.

5        78.    Throughout the Class Period, Defendant has engaged in unlawful business acts and/or

6   practices by advertising to California consumers through promotional materials and with labeling on

7   laminate wood flooring products that states that the products are CARB compliant when in fact they

8   were not.  Defendant has further engaged in unlawful business acts and practices by falsely

9   representing that the laminate wood flooring products it distributes and sells in California have been

10   certified by independent entities as compliant with CARB formaldehyde standards.  Defendant further

11   engaged in unlawful business acts and/or practices by not informing consumers that Defendant's

12   laminate wood flooring products sold in California emit formaldehyde at levels that exceed the

13   formaldehyde emission limit set forth in the CARB standards.  These actions of Defendant were

14   misleading and deceptive, and Plaintiffs and Class Members reasonably relied upon Defendant's

15   statements in purchasing Defendant's laminate wood flooring products.  Defendant's actions therefore

16   violate the False Advertising Law, California Business & Professions Code §§ 17500, *et seq.* and the

17   Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.*, as further set forth in the

18   Fourth and Fifth Causes of Action, below.

19        79.    Throughout the Class Period, Defendant has also has engaged in unlawful business acts

20   and/or practices by making untrue, deceptive, or misleading environmental marketing claims on the

21   labels of its laminate wood flooring products' packaging and on promotional materials including pages

22   of the Lumber Liquidators' website, in violation of California's "Greenwashing" Statute, Cal. Bus. &

23   Prof. Code § 17580.5. Such claims include, but are not limited to: overstating the environmental

24   attributes of the laminate wood flooring products it distributes in California, failing to substantiate that

25   the laminate wood flooring products it distributes in California have received third-party certification

26   of CARB compliance, and misrepresenting explicitly or through implication that the laminate wood

27   flooring Defendant distributes in California is non-toxic. *See* Cal. Bus. & Prof. Code § 17580.5(a).

28

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

560391.2

80. Throughout the Class Period, Defendant has also has engaged in unlawful business acts and/or practices by expressly warranting on every package of laminate wood flooring products that it distributes and sells in California, as well as in promotional materials and product invoices, that the products comply with CARB formaldehyde standards and all other applicable laws and regulations when they do not. This express warranty also appears on Defendant's website, and product invoices and instruction materials. Defendant's breach of this express warranty violates California state warranty law, California Commercial Code § 2313.

81. As a direct result of Defendant's unlawful business acts and/or practices, Plaintiffs and Class Members suffered injury in fact and lost money or property.

82. Plaintiffs are informed and believe that Lumber Liquidators engaged in the same or similar unlawful business acts or practices against the Class Members described herein and that Lumber Liquidators' conduct caused harm to the Class Members.

83. Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, seek restitution, injunctive relief against Defendant in the form of an order prohibiting Defendant from engaging in the alleged misconduct described herein, and other relief as specifically prayed for herein.

## SECOND CAUSE OF ACTION

### Violation of California Business and Professions Code § 17200, *et seq.*, Fraudulent Business Acts and Practices

84. Plaintiffs re-allege and incorporate all paragraphs above as though fully set forth herein.

85. California Business and Professions Code § 17200, *et seq.* authorizes courts to make any orders necessary to prevent any act of "unfair competition," which includes "any fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200, 17203.

86. Throughout the Class Period, Defendant has sold laminate wood flooring products in California that exceed the CARB standard for formaldehyde emissions from composite wood products despite the fact that Defendant advertises the products as CARB compliant. *See* Code Cal. Regs. tit. 17, §§ 93120-93120.12.

87. Defendant has engaged in fraudulent business acts and practices by advertising to California consumers through promotional materials and with labeling on laminate wood flooring

21

1    products that state that the products are CARB compliant when in fact they are not. Defendant further

2    engaged in fraudulent business acts and practices by not informing consumers that Defendant's

3    laminate wood flooring products sold in California emit formaldehyde at levels that exceed the

4    emission limit set forth in the CARB standards.

5         88.    Defendant's conduct is fraudulent in that customers in California are likely to be

6    deceived by Defendant's misrepresentations that the laminate wood flooring products they have sold

7    and continue to sell in California are compliant with CARB standards.

8         89.    Plaintiffs and Class Members relied on Defendant's misrepresentations.

9         90.    As a direct result of Defendant's fraudulent business acts and/or practices, Plaintiffs and

10    Class Members suffered injury in fact and lost money or property.

11         91.    Plaintiffs are informed and believe that Lumber Liquidators engaged in the same or

12    similar fraudulent business acts against the Class Members described herein and that Lumber

13    Liquidators' conduct caused harm to the Class Members.

14         92.    Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, seek

15    restitution, injunctive relief against Defendants in the form of an order prohibiting Defendant from

16    engaging in the alleged misconduct described herein, and other relief as specifically prayed for herein.

17    **THIRD CAUSE OF ACTION**

18    **Violation of California Business and Professions Code § 17200, *et seq.*,**
**Unfair Business Acts and Practices**
19

20         93.    Plaintiffs re-allege and incorporate all paragraphs above as though fully set forth herein.

21         94.    California Business and Professions Code § 17200, et seq. authorizes courts to make

22    any orders necessary to prevent any act of "unfair competition," which includes "any unfair business

23    act or practice." Cal. Bus. & Prof. Code § 17200, 17203.

24         95.    Throughout the Class Period, Defendant has sold laminate wood flooring products in

25    California that exceed the CARB standard for formaldehyde emissions from composite wood products

26    despite the fact that Defendant's product labeling and promotional materials advertise the products as

27    CARB compliant. *See* Code Cal. Regs., tit. 17, §§ 93120-93120.12. In addition, Defendant has not

28

22

560391.2

1    informed consumers that Defendant's laminate wood flooring products sold in California emit

2    formaldehyde at levels that exceed the emission limit set forth in the CARB standards.

3         96.    Defendant's conduct is unfair in that it offends established public policy and/or is

4    immoral, unethical, oppressive, unscrupulous and/or substantially injurious to Plaintiffs and Class

5    Members.  The harms to Plaintiffs and Class Members arising from Defendant's conduct outweigh any

6    legitimate benefit Defendant derived from the conduct.  Defendant's conduct undermines and violates

7    the stated spirit and policies underlying the Consumer Legal Remedies Act, False Advertising Law,

8    and California state warranty laws alleged herein.

9         97.    As a direct result of Defendant's unfair business acts and/or practices, Plaintiffs and

10   Class Members suffered injury in fact and lost money or property.

11        98.    Plaintiffs are informed and believe that Lumber Liquidators engaged in the same or

12   similar unfair business acts against the Class Members described herein and that Lumber Liquidators'

13   conduct caused harm to the Class Members.

14        99.    Plaintiffs and Class Members could not have reasonably avoided their injury because

15   they were affirmatively misled by Defendant that the laminate wood flooring products they purchased

16   complied with CARB standards and Defendant's misrepresentations are only discoverable through

17   product testing by a certified laboratory.

18        100.   Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, seek

19   restitution, injunctive relief against Defendant in the form of an order prohibiting Defendant from

20   engaging in the alleged misconduct described herein, and other relief as specifically prayed for herein.

21                          **FOURTH CAUSE OF ACTION**

22        **Violation of California Business and Professions Code § 17500, *et seq.***

23        101.   Plaintiffs re-allege and incorporate all paragraphs above as though fully set forth herein.

24        102.   Throughout the Class Period, Defendant engaged in unlawful and/or fraudulent conduct

25   under California Business & Professions Code §§ 17500, *et seq.* ("the False Advertising Law"), by

26   engaging in the sale of laminate wood flooring products, and publically disseminating various

27   advertisements that Defendant knew or reasonably should have known were untrue and misleading,

28   including that their laminate wood flooring products comply with CARB standards for formaldehyde.

560391.2

1   emissions when they fail to meet these standards and falsely representing that the laminate wood

2   flooring products have been certified by independent entities as compliant with CARB formaldehyde

3   standards.

4        103.    Defendant committed such violations of the False Advertising Law with actual

5   knowledge or knowledge fairly implied on the basis of objective circumstances.

6        104.    Plaintiffs reasonably relied on Defendant's representations made in violation of

7   California Business and Professions Code §§ 17500, *et seq*.

8        105.    As a direct result of Defendant's violations, Plaintiffs suffered injury in fact and lost

9   money.

10        106.    Plaintiffs are informed and believe that Lumber Liquidators engaged in the same or

11   similar unlawful, unfair, and/or fraudulent business acts against the Class Members described herein

12   and that Lumber Liquidators' conduct caused harm to the Class Members.

13        107.    Accordingly, Plaintiffs, on behalf of themselves and all others similarly situated, seek

14   restitution and injunctive relief against Defendant in the form of an order prohibiting Defendant from

15   engaging in the alleged misconduct described herein, and other relief as specifically prayed for herein.

16   ## FIFTH CAUSE OF ACTION

17   **Violation of California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*.**

18        108.    Plaintiffs incorporate by reference all the above allegations as if fully set forth herein.

19        109.    Defendant is a "person" within the meaning of California Civil Code §§ 1761(c) and

20   1770, and provides "goods" within the meaning of Civil Code §§ 1761(a) and 1770. Defendant's

21   customers, including Plaintiffs and Class members, are "consumers" within the meaning of Civil Code

22   §§ 1761(d) and 1770. Each purchase of Defendant's laminate wood flooring products by Plaintiffs and

23   each Class member constitutes a "transaction" within the meaning of Civil Code §§ 1761(e) and 1770.

24        110.    The Consumer Legal Remedies Act makes it unlawful for a company to:

25        a.    Misrepresent the certification of goods. Cal. Civ. Code § 1770(a)(2)(3);

26        b.    Represent that goods have characteristics or approval which they do not have.

27        Cal. Civ. Code § 1770(a)(5);

28

24

560391.2

1          c.      Represent that goods are of a particular standard, quality, or grade, if they are of

2                  another.  Cal. Civ. Code § 1770(a)(7);

3          d.      Advertise goods with intent not to sell them as advertised.  Cal. Civ. Code

4                  § 1770(a)(9).

5       111.    Throughout the Class Period, Defendant has violated these provisions by falsely

6    representing that their laminate wood flooring products comply with CARB standards for

7    formaldehyde emissions, when they fail to meet these standards; falsely representing that the laminate

8    wood flooring products have been certified by independent entities to comply with CARB

9    formaldehyde standards; and, failing to disclose to consumers that the flooring products emit

10   formaldehyde at unlawful levels.

11      112.    Plaintiffs and Class Members reasonably relied on Defendant's misrepresentations.

12      113.    As a direct and proximate result of Defendant's violations, Plaintiffs and Class

13   Members suffered injury in fact and lost money and/or property.

14      114.    Concurrently with filing the original Complaint on December 11, 2014, Plaintiffs'

15   counsel mailed to Defendant, by certified mail, return receipt requested, the written notice required by

16   Civil Code § 1782(a).  A true and correct copy of the notice was attached to the original Complaint and

17   is attached to this First Amended Complaint as Exhibit A.

18      115.    Plaintiffs have filed concurrently herewith the declaration of venue required by Civil

19   Code § 1780(d).

20      116.     Defendant's wrongful business practices constituted, and constitute, a continuing

21   course of conduct in violation of the California Consumer Legal Remedies Act because Defendant is

22   still representing that the flooring products have characteristics and qualifications which are false and

23   misleading, and has injured Plaintiffs and Class Members.

24      117.    Pursuant to California Civil Code § 1780, Plaintiffs, on behalf of themselves and all

25   others similarly situated, seek restitution; actual, compensatory, consequential, and punitive damages;

26   and injunctive relief against Defendant in the form of an order prohibiting Defendant from engaging in

27   the alleged misconduct described herein, and other relief as specifically prayed for herein.

28

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

560391.2

## SIXTH CAUSE OF ACTION

### Breach of Express Warranty, Cal. Uniform Com. Code § 2313

118.   Plaintiffs re-allege and incorporate all paragraphs above as though fully set forth herein.

119.   Throughout the Class Period, Lumber Liquidators has expressly warranted that its laminate wood flooring products comply with CARB formaldehyde standards and all other applicable laws and regulations.

120.   Defendant's express warranty that its laminate wood flooring products comply with the CARB standards appears on every package of laminate wood flooring Defendant sells or has sold in California, including those sold to Plaintiffs and all Class Members.  This express warranty also appears on Defendant's website, and product invoices and instruction materials.

121.   Lumber Liquidators' warranties became part of the basis of the bargain in selling laminate wood flooring products to Plaintiffs and Class Members.

122.   Lumber Liquidators breached these express warranties by selling, and/or distributing the laminate wood flooring products, which fail to comply with the CARB standards.

123.   Plaintiffs and members of the Class paid money for the laminate wood flooring and paid to have the flooring installed in their homes, work, and other spaces.  However, Plaintiffs and the members of the Class did not obtain the full value of the advertised products.  If Plaintiffs and other members of the Class had known the true nature of the flooring products, that they emitted unlawful levels of a cancer-causing chemical, they would not have purchased the laminate wood flooring products.

124.   As a result of this breach, Plaintiffs and the members of the Class suffered injury and deserve to be compensated for the damages they suffered.

125.   Plaintiffs and the Class are therefore entitled to recover compensatory damages, declaratory relief, and other relief as specifically prayed for herein.

## SEVENTH CAUSE OF ACTION

### Declaratory Relief

126.   Plaintiffs incorporate by reference the foregoing allegations as if set fully herein.

560391.2

1     127.   Plaintiffs Balero, Ballerini, and Miller, on behalf of themselves and all others similarly

2 situated, contend that Defendants' sale of laminate wood flooring products in California do not comply

3 with the CARB standards. On information and belief, Defendant contends that its sale of laminate

4 wood flooring products in California complies with the CARB standards.

5     128.   A judicial declaration is necessary and appropriate at this time in order that each of the

6 parties may know their respective rights and duties and act accordingly.

7 **PRAYER FOR RELIEF**

8     WHEREFORE, Plaintiffs, on behalf of themselves and all Class Members, seek the following

9 relief against Defendant:

10     A.   An order certifying this action as a class action under California Code of Civil

11 Procedure § 382, and defining the Class as requested herein;

12     B.   A finding and declaration, pursuant to California Code of Civil Procedure § 1060, that

13 Defendant's policies and practices of labeling and advertising the laminate wood products it sells in

14 California as CARB compliant is unlawful pursuant to Title 17 of the California Code

15 Regulations,§§ 93120-93120.12;

16     C.   A finding and declaration, pursuant to California Code of Civil Procedure § 1060, that

17 Defendant's policies and practices of distributing and/or selling laminate wood products in California

18 with formaldehyde emissions that violate the CARB standards is unlawful pursuant to Title 17 of the

19 California Code Regulations,§§ 93120-93120.12;

20     D.   Injunctive relief prohibiting Defendant from continuing to distribute and/or sell

21 laminate flooring products that violate the CARB standards, pursuant to California Business and

22 Professions Code, §§ 17202 and 17203, and California Civil Code § 1780;

23     E.   Restitution of all money and/or property that Plaintiffs and Class Members provided to

24 Defendant for the purchase and installation of Defendant's laminate wood flooring products that were

25 sold in violation of Title 17 of the California Code Regulations, §§ 93120-93120.12 and California

26 Business and Professions Code § 17200 *et seq.*;

27     F.   Damages in an amount according to proof, including actual, compensatory, and

28 consequential damages incurred by Plaintiffs and Class Members pursuant to the Fifth and Sixth

27

560391.2

1    Causes of Action;

2         G.     Punitive damages in an amount according to proof, pursuant to the Fifth Cause of

3    Action.

4         H.     Pre- and post-judgment interest on monetary damages and restitution pursuant to Civil

5    Code § 3287;

6         I.     An award to Plaintiffs and Class Members of reasonable attorneys' fees and costs,

7    pursuant to California Civil Procedure Code § 1021.5, California Civil Code § 1780, and/or other

8    applicable law, to be paid by Defendant; and,

9         J.     An award of such other and further relief as this Court may deem appropriate.

10                 **DEMAND FOR JURY TRIAL**

11        Plaintiffs hereby demand trial by jury to the extent authorized by law.

12    Dated: January 12, 2015          Respectfully submitted,

13                       GOLDSTEIN, BORGEN, DARDARIAN & HO

14

15                       Linda M. Dardarian

16                       Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A



Shareholders
David Borgen
Linda M. Dardarian
Laura L. Ho

**Goldstein, Borgen,
Dardarian & Ho**

Of Counsel
Barry Goldstein
Morris J. Baller

December 10, 2014

<u>By Certified Mail, Return Receipt Requested</u>

Corporation Service Company
dba CSC - Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA  95833
(Lumber Liquidators, Inc.'s Registered Agent for Service of Process)

      Re:    Notice of Violations of the Consumer Legal Remedies Act
             California Civil Code § 1750 *et seq.*

Dear Addressee:

This notice is provided on behalf of Joseph Michael Balero, Michael Ballerini, Lisa Miller, and all others similarly situated, pursuant to California Civil Code § 1782, to inform you that Lumber Liquidators has employed methods and committed acts and practices in violation of the California Consumer Legal Remedies Act, California Civil Code § 1750 et seq. ("CLRA").

The facts establishing the violation are set out in the Complaint, attached as Exhibit A. The facts are generally as follows:

During the Class Period (from January 1, 2011 to the present), Lumber Liquidators has advertised and represented to California consumers that Chinese-made, laminate wood flooring products that Lumber Liquidators distributes and/or sells in California comply with strict formaldehyde emission standards promulgated by the California Air Resources Board ("CARB") and enumerated in California's Airborne Toxic Control Measure to Reduce Formaldehyde Emissions from Composite Wood Products ("CARB Regulations"). Cal. Code Regs. tit. 17, §§ 93120-93120.12. However, these advertisements and representations are false. Chinese-made laminate wood flooring products that Lumber Liquidators has sold and/or distributed in California since January 1, 2011 emit formaldehyde gas at levels that exceed the limits set forth in the CARB Regulations ("CARB standards"). Plaintiff Balero, Plaintiff Ballerini, and Plaintiff Miller relied on Lumber Liquidators' representations that its laminate wood flooring products are CARB compliant, and would not have purchased their flooring if they had known that their flooring emitted formaldehyde at unlawful levels. Plaintiffs were harmed by Lumber Liquidators' unlawful conduct in that they spent money on flooring that they would not have purchased, and incurred costs for installing flooring in their homes that they would not have installed without Lumber Liquidators' false advertising and/or misrepresentations.

Lumber Liquidators, Inc.                    -2-                    December 10, 2014

Lumber Liquidators is violating the following specific provisions of Cal. Civ. Code § 1770:

- Misrepresenting the certification of goods. Cal. Civ. Code § 1770(a)(2)(3);

- Representing that goods have characteristics or approval which they do not have. Cal. Civ. Code § 1770(a)(5);

- Representing that goods are of a particular standard, quality, or grade, if they are of another. Cal. Civ. Code § 1770(a)(7);

- Advertising goods with intent not to sell them as advertised. Cal. Civ. Code § 1770(a)(9).

On behalf of Plaintiffs and all other similarly situated consumers, and pursuant to Cal. Civ. Code § 1782(b) and (c), we hereby demand that, within 30 days of receipt of this notice, Lumber Liquidators immediately cease the above-described practices by taking the following actions:

- Cease advertising, labeling, and selling laminate wood flooring products in California that violate the CARB standards for formaldehyde emissions;

- Identify all other similarly situated consumers who have been subjected to these prohibited practices; and

- Restore to Plaintiffs, and all other similarly situated customers, the money they spent on purchasing and installing laminate wood flooring from Lumber Liquidators that violate the CARB standards for formaldehyde emissions.

Please contact me if you have any questions or would like to discuss this further.

Sincerely,

Linda M. Dardarian

Linda M. Dardarian

LMD/kbm

Encls.

556144.6

1

## PROOF OF SERVICE

2  Case:  *Balero, et al. v. Lumber Liquidators, Inc.*
       Case No. _____

3

4  STATE OF CALIFORNIA      )
                            ) SS
5  COUNTY OF ALAMEDA        )

6          I have an office in the county aforesaid.  I am over the age of eighteen years and not a party to
the within entitled action.  My business address is 300 Lakeside Drive, Suite 1000, Oakland,
7  California  94612.

8          I declare that on the date hereof I served a copy of

9          NOTICE OF VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT

10  SEE SERVICE LIST, BELOW

11  ☒   **By U.S. Mail:**  By placing a true copy of the document(s) listed above for collection and
mailing following the firm's ordinary business practice in a sealed envelope with postage
12       thereon fully prepaid for deposit in the United States mail at Oakland, California addressed
as set forth below.

13  ☒   *(State)*  I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
14

15          Executed at Oakland, California on December 10, 2014

16  Jacqueline Thompson                    Jacqueline
17  Printed Name                            Signature

18                          SERVICE LIST

19

20  Corporation Service Company
dba CSC - Lawyers Incorporating Service
21  2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833
22  (Lumber Liquidators, Inc.'s
Registered Agent for Service of Process)
23  (by Certified Mail, tracking number 7004 2510 0001 2722 3925)

24

25

26

27

28

1



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | 2.03 | 740 |
| Certified Fee | | 3.30 | |
| Return Receipt Fee (Endorsement Required) | | 2.70 | |
| Restricted Delivery Fee (Endorsement Required) | | | |
| Total Postage & Fees | $ | 8.03 | |

Sent To  Corporation Service Co.
Street, Apt. No.; or PO Box No.  2710 Gateway Oaks Dr. Ste 150 N
City, State, ZIP+4  Sacramento, CA  95833

PS Form 3800, June 2002    See Reverse for Instructions

7004 2510 0001 2722 3925

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | 2.03 | 740 |
| Certified Fee | | 3.30 | |
| Return Receipt Fee (Endorsement Required) | | 2.70 | |
| Restricted Delivery Fee (Endorsement Required) | | | |
| Total Postage & Fees | $ | 8.03 | |

Sent To  Corporation Service Co.
Street, Apt. No.; or PO Box No.  2710 Gateway Oaks Dr. Ste 150 N
City, State, ZIP+4  Sacramento, CA  95833

PS Form 3800, June 2002    See Reverse for Instructions

7004 2510 0001 2722 3925

Corporation Service Company
dba CSC - Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA  95833

Goldstein
Dardi
300 Lakeside Drive, Suite

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
dba CSC - Lawyers Incorporating Service
2710 Gateway Oaks Dr. Ste 150 N
Sacramento, CA  95833

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7004 2510 0001 2722 3925

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Goldstein, Borgen, Dardarian & Ho *740*
300 Lakeside Drive, Suite 1000
Oakland, CA 94612

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) Nicole Chambers  C. Date of Delivery<br>D. Is delivery address different from Item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No  DEC 12 2014 |
| 1. Article Addressed to:<br><br>Corporation Service Company<br>dba CSC-Lawyers Incorporating Service<br>2710 Gateway Oaks Dr, Ste 150 N<br>Sacramento, CA 95833 | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7004 2510 0001 2722 3925 |

PS Form 3811, February 2004         Domestic Return Receipt         102595-02-M-1540

POS-015

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Linda M. Dardarian (SBN 131001), Andrew P. Lee (SBN 245903), Megan E. Ryan<br>(SBN 264922), GOLDSTEIN,BORGEN,DARDARIAN & HO, 300 Lakeside Dr., Suite 1000,<br>Oakland, CA 94612 | |

TELEPHONE NO.: 510/763-9800    FAX NO. (Optional): 510/835-1417
E-MAIL ADDRESS (Optional): ldardarian@gbdhlegal.com,alee@gbdhlegal.com,mryan@gbdhlegal.com
ATTORNEY FOR (Name): Plaintiffs-Joseph Michael Balero, Michael Ballerini, and Lisa Miller

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson

PLAINTIFF/PETITIONER: Joseph Michael Balero, Michael Ballerini, and Lisa Miller

DEFENDANT/RESPONDENT: Lumber Liquidators, Inc., and Does 1-10, inclusive

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG14751116 |
|---|---|

TO (insert name of party being served): Lisa Ann Wongchenko, Morrison & Foerster, San Francisco, CA

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 01/12/2015

Wendy Whitt
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):
   Civil Cover Sheet, Civil Cover Addendum, Notice of Related Case, Affidavit of Linda M.
   Dardarian, Alameda County Superior Court ADR Package, Notice of Hearing, dated 12/18/2014,
   Tentative Ruling Granted, dated 01/05/2015, First Amended Complaint, and Affidavit of Linda M.
   Dardarian

(To be completed by recipient):

Date this form is signed:

_____          _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

1 | WILLIAM L. STERN (CA SBN 96105)
WStern@mofo.com
2 | WILLIAM F. TARANTINO (CA SBN 215343)
WTarantino@mofo.com
3 | LISA A. WONGCHENKO (CA SBN 281782)
LWongchenko@mofo.com
4 | MORRISON & FOERSTER LLP
425 Market Street
5 | San Francisco, California  94105
Telephone:  415.268.7000
6 | Facsimile:  415.268.7522

7 | Attorneys for Defendant
LUMBER LIQUIDATORS, INC.

8

9

10

ENDORSED
FILED
ALAMEDA COUNTY

2015 JAN 23  PM 12: 43

CLERK OF THE SUPERIOR COURT
M. SALCIDO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

## UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| JOSEPH MICHAEL BALERO, MICHAEL BALLERINI, AND LISA MILLER, on their own behalf and on behalf of all others similarly situation,<br><br>        Plaintiffs,<br><br>    v.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation, and DOES ONE through TEN inclusive,<br><br>        Defendants. | Case No. RG 14751116<br><br>**CLASS ACTION**<br><br>**NOTICE OF APPEARANCE AND PAYMENT OF FIRST APPEARANCE AND COMPLEX FEES**<br><br>Action Filed:  December 11, 2014<br>Trial Date:  TBD<br>Department 17 |



NOTICE OF APPEARANCE
CASE NO. RG 14751116
sf-3497445

1    TO THE COURT AND ALL PARTIES OF RECORD:

2    PLEASE TAKE NOTICE for purposes of identification of counsel and preparation of a

3    service list, that William L. Stern, William F. Tarantino, and Lisa A. Wongchenko of Morrison &

4    Foerster LLP hereby enter their appearances on behalf of Defendant LUMBER LIQUIDATORS,

5    INC., a Delaware corporation, in the above-referenced civil action, which has been tentatively

6    designated complex and assigned for all purposes to Judge George C. Hernandez, Jr.  Please serve

7    all documents on:

8
             William L. Stern
9            William F. Tarantino
             Lisa A. Wongchenko
10           MORRISON & FOERSTER LLP
             425 Market Street
11           San Francisco, CA 94105

12   Dated: January 23, 2015                 WILLIAM L. STERN
                                             WILLIAM F. TARANTINO
13                                           LISA A. WONGCHENKO
                                             MORRISON & FOERSTER LLP
14

15

16                                     By:   _____
                                             WILLIAM L. STERN
17
                                             Attorneys For Defendant
18                                           LUMBER LIQUIDATORS, INC.

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2      I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address
is 425 Market Street, San Francisco, California  94105-2482.  I am not a party to the within cause,
3   and I am over the age of eighteen years.

4      I further declare that I served a copy of:

5      **NOTICE OF APPEARANCE AND PAYMENT OF FIRST
      APPEARANCE AND COMPLEX FEES**

6

7   ☐   **BY FACSIMILE [Code Civ. Proc sec. 1013(e)]** by sending a true copy from
      Morrison & Foerster LLP's facsimile transmission telephone number 415.268.7522 to
8      the fax number(s) set forth below, or as stated on the attached service list.  The
      transmission was reported as complete and without error.  The transmission report
9      was properly issued by the transmitting facsimile machine.
10      I am readily familiar with Morrison & Foerster LLP's practice for sending facsimile transmissions,
      and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s)
11      described above will be transmitted by facsimile on the same date that it (they) is (are) placed at
      Morrison & Foerster LLP for transmission.

12   ☒   **BY U.S. MAIL [Code Civ. Proc sec. 1013(a)]** by placing a true copy thereof
13      enclosed in a sealed envelope with postage thereon fully prepaid, addressed as
      follows, for collection and mailing at Morrison & Foerster LLP, 425 Market Street,
14      San Francisco, California  94105-2482 in accordance with Morrison & Foerster LLP's
      ordinary business practices.
15      I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of
      correspondence for mailing with the United States Postal Service, and know that in the ordinary
16      course of Morrison & Foerster LLP's business practice the document(s) described above will be
      deposited with the United States Postal Service on the same date that it (they) is (are) placed at
17      Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

18   ☐   **BY OVERNIGHT DELIVERY [Code Civ. Proc sec. 1013(c)]** by placing a true
19      copy thereof enclosed in a sealed envelope with delivery fees provided for,
      addressed as follows, for collection by UPS, at 425 Market Street, San Francisco,
20      California  94105-2482 in accordance with Morrison & Foerster LLP's ordinary
      business practices.
21      I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of
      correspondence for overnight delivery and know that in the ordinary course of Morrison & Foerster
22      LLP's business practice the document(s) described above will be deposited in a box or other facility
      regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to
23      receive documents on the same date that it (they) is are placed at Morrison & Foerster LLP for
      collection.

24   ☐   **BY PERSONAL SERVICE [Code Civ. Proc sec. 1011]** by placing a true copy
25      thereof enclosed in a sealed envelope addressed as follows for collection and
      delivery at the mailroom of Morrison & Foerster LLP, causing personal delivery of
26      the document(s) listed above to the person(s) at the address(es) set forth below.
27      I am readily familiar with Morrison & Foerster LLP's practice for the collection and processing of
      documents for hand delivery and know that in the ordinary course of Morrison & Foerster LLP's
28      business practice the document(s) described above will be taken from Morrison & Foerster LLP's
      mailroom and hand delivered to the document's addressee (or left with an employee or person in

charge of the addressee's office) on the same date that it is placed at Morrison & Foerster LLP's mailroom.

☐ **BY ELECTRONIC SERVICE [Code Civ. Proc sec. 1010.6; CRC 2.251]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system from <insert server's email address> at <insert time> to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure section 1010.6 and CRC Rule 2.251.

| | |
|---|---|
| Linda M. Dardarian<br>Andrew P. Lee<br>Megan E. Ryan<br>**GOLDSTEIN, BORGEN, DARDARIAN & HO**<br>**300 Lakeside Drive, Suite 1000**<br>**Oakland, CA 94612**<br>**Telephone: (510) 763-9800**<br>**Facsimile: (510) 835-1417**<br>Email; ldardarian@gbdhlegal.com<br>alee@gbdhlegal.com<br>mryan@gbdhlegal.com | *Attorneys for Plaintiffs* |
| Michael R. Lozeau<br>Richard T. Drury<br>**LOSEAU \| DRURY LLP**<br>**410 12th Street, Suite 250**<br>**Oakland, CA 94607**<br>**Telephone: (510) 836-4200**<br>**Facsimile: (510) 836-4205**<br>Email: michael@lozeaudrury.com<br>richard@lozeaudrury.com | *Attorney for Plaintiffs* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California, this 23rd day of January, 2015.

_____              _____
Brenda Fuller                                   *Brenda Fuller*
(typed)                                         (signature)

NOTICE OF APPEARANCE AND PAYMENT OF FIRST APPEARANCE AND COMPLEX CASE FEES

GOLDSTEIN, BORGEN,
DARDARIAN & HO
Attn: Dardarian, Linda M.
300 Lakeside Drive
Suite 1000
Oakland, CA 94612-3534

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| Balero | No. <u>RG14751116</u> |
| Plaintiff/Petitioner(s) | |
| | Order |
| VS. | |
| | Complaint Business Tort/Unfair Business Practice |
| Lumber Liquidators, Inc | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

---

The Complex Determination Hearing was set for hearing on 01/26/2015 at 02:30 PM in Department 17 before the Honorable George C. Hernandez, Jr.. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. The matter is assigned for all purposes including trial to Department 17 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules, and the protocols set forth on the Court's website for Department 17.

All motions and ex parte applications shall be noticed for hearing in Department 17. The parties shall reserve hearing dates and times by contacting the Department 17 courtroom clerk via email at Dept.17@alameda.courts.ca.gov . The courtroom clerk can also be contacted by phone at (510) 267-6933, but phone contact should be used very sparingly. E-mail is the preferred method of

---

communication.

Courtesy (bench) copies of all filings should be delivered directly to Dept. 17 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.17@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 17). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned.

## CASE MANAGEMENT

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb. However, courtesy copies of statements must be delivered directly to Dept. 17. The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable:

A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B. The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C. Deadlines and limits on joinder of parties and amended or additional pleadings;

D. Class discovery and class certification;

E. A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F. An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G. A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

   (1) unserved parties and the reasons for the failure to serve;

   (2) unserved and/or unfiled cross-complaints;

   (3) related actions pending in any jurisdiction and the potential for coordination or consolidation;

   (4) any possible jurisdictional or venue issues that may arise;

   (5) the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

(6)  unresolved law and motion matters;

(7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

(8)  severance of issues for trial; and

(9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Dated:  01/26/2015

_____
Judge George C. Hernandez, Jr.

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number:  RG14751116
Order After Hearing Re: of 01/26/2015

# DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the
foregoing document was mailed first class, postage prepaid, in a sealed envelope,
addressed as shown on the foregoing document or on the attached, and that the
mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

Executed on 01/27/2015.
Leah T. Wilson  Executive Officer / Clerk of the Superior Court

By _____
Deputy Clerk

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Linda M. Dardarian (SBN 131001), Andrew P. Lee (SBN 245903), Megan E. Ryan (SBN 264922), GOLDSTEIN, BORGEN, DARDARIAN & HO, 300 Lakeside Dr., Suite 1000, Oakland, CA 94612 | |

TELEPHONE NO.: 510/763-9800          FAX NO. *(Optional):* 510/835-1417
E-MAIL ADDRESS *(Optional):* ldardarian@gbdhlegal.com, alee@gbdhlegal.com, mryan@gbdhlegal.com
ATTORNEY FOR *(Name):* Plaintiffs-Joseph Michael Balero, Michael Ballerini, and Lisa Miller

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson

PLAINTIFF/PETITIONER: Joseph Michael Balero, Michael Ballerini, and Lisa Miller

DEFENDANT/RESPONDENT: Lumber Liquidators, Inc., and Does 1-10, inclusive

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:  RG14751116 |
|---|---|

TO *(insert name of party being served):* Lisa Ann Wongchenko, Morrison & Foerster, San Francisco, CA

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 01/12/2015

Wendy Whitt
_____
(TYPE OR PRINT NAME)                                           (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
   Civil Cover Sheet, Civil Cover Addendum, Notice of Related Case, Affidavit of Linda M. Dardarian, Alameda County Superior Court ADR Package, Notice of Hearing, dated 12/18/2014, Tentative Ruling Granted, dated 01/05/2015, First Amended Complaint, and Affidavit of Linda M. Dardarian

*(To be completed by recipient):*

Date this form is signed: 2/2/15

Lisa A. Wongchenko
_____
(TYPE OR PRINT YOUR NAME, AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
Attorney for Lumber Liquidators, Inc.

Attorney for Lumber Liquidators
_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use  Judicial Council of California  POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,  §§ 415.30, 417.10  www.courtinfo.ca.gov |
|---|---|---|

1  WILLIAM L. STERN (CA SBN 96105)
   WStern@mofo.com
2  WILLIAM F. TARANTINO (CA SBN 215343)
   WTarantino@mofo.com
3  LISA A. WONGCHENKO (CA SBN 281782)
   LWongchenko@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California  94105-2482
   Telephone: 415.268.7000
6  Facsimile: 415.268.7522

7  Attorneys for Defendant
   LUMBER LIQUIDATORS, INC.

8

9

10             SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          COUNTY OF ALAMEDA

12                   UNLIMITED CIVIL JURISDICTION

13

14  JOSEPH MICHAEL BALERO, MICHAEL          Case No. RG 14751116
    BALLERINI, AND LISA MILLER, on their own
15  behalf and on behalf of all others similarly   **CLASS ACTION**
    situation,
16                                                  **STIPULATION AND**
                     Plaintiffs,                    **[PROPOSED] ORDER**
17                                                  **VACATING CASE**
         v.                                         **MANAGEMENT CONFERENCE**
18
    LUMBER LIQUIDATORS, INC., a Delaware    Action Filed:  December 11, 2014
19  corporation, and DOES ONE through TEN   Trial Date:  TBD
    inclusive,                              Department 17
20
                     Defendants.
21

22

23

24

25

26

27

28
    STIPULATION VACATING CMC
    CASE NO. RG 14751116
    564815.1

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 0 2015

CLERK OF THE SUPERIOR COURT
BY MARGARET J. DOWNI   Deputy

BY FAX

1       Plaintiffs Joseph Michael Balero, Michael Ballerini, and Lisa Miller ("Plaintiffs"), on

2 behalf of themselves and all others similarly situated, and Defendant LUMBER LIQUIDATORS,

3 INC. ("Defendant"), through their undersigned counsel, hereby stipulate as follows:

4       WHEREAS, on January 12, 2015, Plaintiffs served the Amended Complaint;

5       WHEREAS, the Court has scheduled a Case Management Conference to occur on

6 February 26, 2015;

7       WHEREAS, Defendant intends to remove this case to federal court by the March 4, 2014

8 deadline to remove;

9       WHEREAS, the parties jointly agree that the Case Management Conference should be

10 vacated based on the forthcoming removal in the interest of the Court's and parties' efficiency;

11       THE PARTIES HEREBY STIPULATE, subject to court approval, that the Case

12 Management Conference on February 26, 2015 is vacated, and the parties do not need to file a

13 Case Management Statement.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION VACATING CMC
CASE NO. RG 14751116
564815.1

1

1  Dated: February 10, 2015          WILLIAM L. STERN
                                     WILLIAM F. TARANTINO
2                                    LISA A. WONGCHENKO
                                     MORRISON & FOERSTER LLP
3

4
                                     By: _____
5                                        WILLIAM L. STERN

6                                        Attorneys for Defendant LUMBER
                                         LIQUIDATORS, INC.
7

8  Dated: February 9, 2015           LINDA M. DARDARIAN
                                     ANDREW P. LEE
9                                    MEGAN E. RYAN
                                     GOLDSTEIN, BORGEN, DARDARIAN &
10                                   HO

11                                   MICHAEL R. LOZEAU
                                     RICHARD T. DRURY
12                                   LOZEAU DRURY LLP

13

14                                   By: _____
                                         MEGAN E. RYAN
15
                                         Attorneys for Plaintiffs
16

17

18                        **[PROPOSED] ORDER**

19      PURSUANT TO STIPULATION OF THE PARTIES, IT IS SO ORDERED.

20

21  DATED: _____     _____
                                     THE HONORABLE GEORGE C. HERNANDEZ,
22                                                   JR.
                                     JUDGE OF THE SUPERIOR COURT
23

24

25

26

27

28
   Stipulation Vacating CMC                                          2
   Case No. RG 14751116
   564815.1

1

**PROOF OF SERVICE**

2      I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address
is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause,

3   and I am over the age of eighteen years.

4      I further declare that I served a copy of:

5      **STIPULATION AND [PROPOSED] ORDER VACATING
      CASE MANAGEMENT CONFERENCE**

6

7   ☒   **BY U.S. MAIL [Code Civ. Proc sec. 1013(a)]** by placing a true copy thereof
         enclosed in a sealed envelope with postage thereon fully prepaid, addressed as

8         follows, for collection and mailing at Morrison & Foerster LLP, 425 Market Street,
         San Francisco, California 94105-2482 in accordance with Morrison & Foerster LLP's

9         ordinary business practices.
         I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of

10        correspondence for mailing with the United States Postal Service, and know that in the ordinary
         course of Morrison & Foerster LLP's business practice the document(s) described above will be

11        deposited with the United States Postal Service on the same date that it (they) is (are) placed at
         Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

12

| | |
|---|---|
| 13  **Linda M. Dardarian**<br>**Andrew P. Lee**<br>14  **Megan E. Ryan**<br>**GOLDSTEIN, BORGEN, DARDARIAN & HO**<br>15  **300 Lakeside Drive, Suite 1000**<br>**Oakland, CA 94612**<br>16 | *Attorneys for Plaintiffs* |
| 17  **Michael R. Lozeau**<br>**Richard T. Drury**<br>18  **LOSEAU │ DRURY LLP**<br>**410 12th Street, Suite 250**<br>19  **Oakland, CA 94607** | *Attorney for Plaintiffs* |

20      I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

21

22      Executed at San Francisco, California, this 10th day of February, 2015.

23

24   _____          _____
         Jill Haskins                              (signature)
25        (typed)

26

27

28

sf-3503484

*12105907*

1   WILLIAM L. STERN (CA SBN 96105)
    WStern@mofo.com
2   WILLIAM F. TARANTINO (CA SBN 215343)
    WTarantino@mofo.com
3   LISA A. WONGCHENKO (CA SBN 281782)
    LWongchenko@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105-2482
    Telephone: 415.268.7000
6   Facsimile: 415.268.7522

7   Attorneys for Defendant
    LUMBER LIQUIDATORS, INC.

8

9

FILED
ALAMEDA COUNTY

FEB 1 3 2015

CLERK OF THE SUPERIOR COURT
By_____
                          Deputy

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF ALAMEDA

12                 UNLIMITED CIVIL JURISDICTION

13

14   JOSEPH MICHAEL BALERO, MICHAEL          Case No. RG 14751116
     BALLERINI, AND LISA MILLER, on their own
15   behalf and on behalf of all others similarly   **CLASS ACTION**
     situation,
16                                            **STIPULATION AND
                   Plaintiffs,                [PROPOSED] ORDER
17                                            VACATING CASE
            v.                                MANAGEMENT CONFERENCE**
18
     LUMBER LIQUIDATORS, INC., a Delaware     Action Filed:  December 11, 2014
19   corporation, and DOES ONE through TEN    Trial Date:  TBD
     inclusive,                               Department 17
20
                   Defendants.
21

22

23

24

25

26

27

28

STIPULATION VACATING CMC
CASE NO. RG 14751116
564815.1

COPY ʳEB 1 ? 201?

BY FAX

FEB 1 0 2015

1    Plaintiffs Joseph Michael Balero, Michael Ballerini, and Lisa Miller ("Plaintiffs"), on

2 behalf of themselves and all others similarly situated, and Defendant LUMBER LIQUIDATORS,

3 INC. ("Defendant"), through their undersigned counsel, hereby stipulate as follows:

4    WHEREAS, on January 12, 2015, Plaintiffs served the Amended Complaint;

5    WHEREAS, the Court has scheduled a Case Management Conference to occur on

6 February 26, 2015;

7    WHEREAS, Defendant intends to remove this case to federal court by the March 4, 2014

8 deadline to remove;

9    WHEREAS, the parties jointly agree that the Case Management Conference should be

10 vacated based on the forthcoming removal in the interest of the Court's and parties' efficiency;

11    THE PARTIES HEREBY STIPULATE, subject to court approval, that the Case

12 Management Conference on February 26, 2015 is vacated, and the parties do not need to file a

13 Case Management Statement.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION VACATING CMC
CASE NO. RG 14751116
564815.1

1

1    Dated: February 10, 2015                    WILLIAM L. STERN
                                                 WILLIAM F. TARANTINO
2                                                LISA A. WONGCHENKO
                                                 MORRISON & FOERSTER LLP
3

4                                                By: _____
5                                                    WILLIAM L. STERN

6                                                Attorneys for Defendant LUMBER
                                                 LIQUIDATORS, INC.
7

8    Dated: February 9, 2015                     LINDA M. DARDARIAN
                                                 ANDREW P. LEE
9                                                MEGAN E. RYAN
                                                 GOLDSTEIN, BORGEN, DARDARIAN &
10                                               HO

11                                               MICHAEL R. LOZEAU
                                                 RICHARD T. DRURY
12                                               LOZEAU DRURY LLP

13

14                                               By: _____
15                                                   MEGAN E. RYAN

16                                               Attorneys for Plaintiffs

17

18                              **[PROPOSED] ORDER**

19         PURSUANT TO STIPULATION OF THE PARTIES, IT IS SO ORDERED.

20

21   DATED: ___2/13/2015___          _____
22                                   THE HONORABLE GEORGE C. HERNANDEZ,
                                                      JR.
23                                   JUDGE OF THE SUPERIOR COURT

24

25

26

27

28

GOLDSTEIN, BORGEN,
DARDARIAN & HO
Attn: Dardarian, Linda M.
300 Lakeside Drive
Suite 1000
Oakland, CA   94612-3534

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Balero<br><br>Plaintiff/Petitioner(s)<br><br>VS.<br><br>Lumber Liquidators, Inc<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. <u>RG14751116</u><br><br>Request Re: Other Ex Parte Granted in Part |

IT IS ORDERED that the Defendant's Request Re: Other Ex Parte is granted in part.

BASED UPON THE REPRESENTATION THAT THE DEFENDANT PLANS ON SEEKING REMOVAL OF THIS ACTION TO THE FEDERAL COURT, THIS STATE COURT CONTINUES THE INITIAL CASE MANAGEMENT CONFERENCE FOR 6 MONTHS.

Dated:  02/13/2015

_____
Judge George C. Hernandez, Jr.