Linda M. Dardarian (SBN 131001)
ldardarian@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
Megan E. Ryan (SBN 264922)
mryan@gbdhlegal.com
William C, Jhaveri-Weeks (SBN 289984)
wjhaveriweeks@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:  (510) 763-9800
Fax:  (510) 835-1417

Michael R. Lozeau (SBN 142893)
michael@lozeaudrury.com
Richard T. Drury (SBN 163559)
richard@lozeaudrury.com
LOZEAU | DRURY LLP
410 12th Street, Suite 250
Oakland, CA  94607
Tel:  (510) 836-4200
Fax:  (510) 836-4205

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOSEPH MICHAEL BALERO, MICHAEL BALLERINI, AND LISA MILLER, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation, and DOES ONE through TEN inclusive,<br><br>Defendants. | Case No.: 3:15-cv-01005-JST<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT LUMBER LIQUIDATORS, INC.'S MOTION TO EXTEND TIME; PLAINTIFFS' REQUEST FOR A SCHEDULING CONFERENCE AND EVIDENCE PRESERVATION ORDER**<br><br>**[LOCAL RULE 6-3]**<br><br>Hon. Jon S. Tigar |

## I. INTRODUCTION

Defendant Lumber Liquidators, Inc. ("Lumber Liquidators or Defendant") moves this Court for an extension of all currently-scheduled dates in this matter until after the Judicial Panel on Multidistrict Litigation ("JPML") has made a decision on the request to transfer this action into a multidistrict litigation proceeding ("MDL"). Mot. at 1. Lumber Liquidators' motion essentially asks this Court to bring all progress in this case to a halt until the JPML rules on the transfer request. While Lumber Liquidators' motion may have superficial appeal, Plaintiffs oppose this motion because there are steps that the Court can take in the interim period before the JPML decides the transfer issue that will advance the orderly conduct of proceedings in this case and the other pending related actions against Lumber Liquidators. In the interest of judicial efficiency and fairness to the parties, Plaintiffs therefore propose that, instead of simply staying this matter, the Court set a scheduling conference to consolidate schedules in all the related cases before this Court, and address important evidence preservation issues that will impact all of these related cases prior to their being transferred by the JPML. Plaintiffs believe this course of action is in the best interest of the Court and the parties.

## II. FACTUAL BACKGROUND

Plaintiffs Joseph Michael Balero, Lisa Miller, and Michael Ballerini, on behalf of themselves and all similarly situated California consumers, filed this action in Alameda County Superior Court on December 11, 2014. ECF No. 1-1. On January 12, 2015, Plaintiffs filed the First Amended Complaint, adding a claim for damages under the Consumer Legal Remedies Act. Plaintiffs allege that Lumber Liquidators sells Chinese-made laminate wood flooring products that exceed the formaldehyde standards established by the California Air Resources Board ("CARB") and falsely tells consumers that the products are CARB-compliant.

Lumber Liquidators removed this case to the United States District Court for the Northern District of California on March 4, 2015. ECF No. 1. That same day, the Court issued an initial case management order setting a case management conference for June 3, 2015, and ordering the parties to complete their meet and confer obligations by May 13, 2015 and file their case management statements by May 27, 2015. ECF No. 3.

On March 11, 2015, Lumber Liquidators filed a motion to dismiss this case with a hearing set for April 23, 2015. ECF No. 12. The briefing schedule required Plaintiffs to file their opposition on March 25, 2015, and Lumber Liquidators to submit its reply by April 1, 2015. *Id.* Also on March 11, 2015, this case was reassigned to the Honorable Jon S. Tigar with an order that Defendant re-notice the hearing on its motion to dismiss, but that briefing schedules would remain the same. ECF No. 14. On March 13, 2015, Lumber Liquidators re-noticed the motion for May 28, 2015, more than a month later than the initial hearing date, and, as Lumber Liquidators notes, the same day that the JPML hearing is likely to occur. ECF No. 15; Mot. at 2.

On March 11, March 24, and March 30, 2015, the Court exercised its broad case management authority under Fed. R. of Civ. Proc. § 16 and issued orders relating to *Balero v. Lumber Liquidators* ten actions filed in the United States District Court for the Northern District of California that raise claims regarding formaldehyde emissions from Lumber Liquidators' laminate flooring. ECF No. 11, 22, 27. All cases raise claims that Lumber Liquidators sells Chinese-made laminate wood flooring products that exceed the formaldehyde standards established by the California Air Resources Board ("CARB") and falsely tell consumers that the products are CARB-compliant when they are not.

On March 24, 2015, Lumber Liquidators asked Plaintiffs to stipulate to stay the *Balero* case; Plaintiffs refused and instead suggested that the parties ask the Court for a scheduling conference. (Declaration of Linda M. Dardarian ("Dardarian Decl.") ¶ 3.)[1] Approximately one hour after this conversation, the Court issued an order clarifying the briefing schedule for the motion to dismiss and stating that Plaintiffs' opposition was due the next day. (ECF No. 23; Dardarian Decl. ¶ 3.) In accordance with the Court-ordered schedule, on March 25, 2015, Plaintiffs filed their response to Lumber Liquidators' motion to dismiss the *Balero* action. ECF No. 24.

On March 26, 2015, Lumber Liquidators again asked Plaintiffs to agree to extend all dates until after the JPML ruling. (Dardarian Decl. ¶ 4.) Plaintiffs refused, but stated they were willing and eager to request a scheduling conference during which the parties and the Court could discuss the Court's

---

[1] Defendant states, without citation to any evidence, that Plaintiffs offered an extension of dates and then retracted that offer. Mot. at 5. Defendant is mistaken. (Dardarian Decl. ¶ 5.)

2

case management preferences, including a consolidated schedule for all of the related cases. (*Id.*) Plaintiffs also requested that Lumber Liquidators stipulate to an evidence preservation order and a protective order, especially given Lumber Liquidators' stated intention to send air quality kits to consumers who request them for testing formaldehyde emission levels in their homes, and Lumber Liquidators' plan to conduct an evaluation of air quality and potential formaldehyde sources for any customer whose results are inconclusive or above established thresholds. (*Id.*) Plaintiffs provided drafts of these orders to Defendant on March 26, 2015. (*Id.*) Defendant failed to respond and instead filed its motion to extend time. (*Id.*)

### III. THE COURT SHOULD DENY DEFENDANT'S MOTION TO EXTEND TIME UNTIL AFTER THE JPML RULING AND SHOULD INSTEAD HOLD A SCHEDULING CONFERENCE TO DISCUSS CASE MANAGEMENT, INCLUDING A POSSIBLE CONSOLIDATED SCHEDULE

Lumber Liquidators argues that the Court should extend all deadlines until after the JPML ruling. However, the Rules of Procedure of the U.S. Judicial Panel on Multidistrict Litigation, state: "The pendency of a motion … before the Panel … does not affect or suspend orders and pretrial proceedings in any pending federal district court action…." J.P.M.L., R. 2.1(d), 28 U.S.C. § 1407. Moreover, as explained by the Manual for Complex Litigation, Fourth, "during the pendency of a motion … for transfer, … the court in which the action was filed retains jurisdiction over the case." Manual for Complex Litig. (4th), § 20.131, 2004 WL 258762. The Manual further explains that a transferor court "should not automatically stay discovery," nor should it "automatically postpone rulings on pending motions, or generally suspend further proceedings." *Id.*

In requests by a party to extend time, the district court should consider the "substantial harm or prejudice that would occur if the Court did not change the time." N. Dist. of Calif. Civ. Local Rule 6-3(a)(3). Lumber Liquidators' claims that it will be prejudiced by having to face multiple, overlapping deadlines in multiple, overlapping cases if the deadlines in *Balero* are not stayed. Plaintiffs submit that a scheduling conference with the Court will better serve Lumber Liquidators' interest in streamlining the proceedings against it. A scheduling conference will allow the Court to bring all the parties to the various related actions before it to decide which, if any, deadlines should go forward and whether they should go forward together. The Court could achieve significant efficiency without Lumber

3

Liquidators having to file repetitive motions to stay proceedings in these various actions, and the Court could best decide after hearing from the parties which proceedings should go forward pending the JPML's transfer ruling.  For these very reasons, Plaintiffs have repeatedly requested that the parties submit a joint request for a scheduling conference to discuss a consolidated schedule that best serves the Court and all parties in the related actions.  (Dardarian Decl. ¶¶ 3, 4.)

Additionally, Lumber Liquidators' request for a stay of this case ignores the prejudice that it will cause Plaintiffs.  Plaintiffs have been waiting almost four months to advance their case since it was filed on December 11, 2014.  ECF No. 1-1.  On January 28, 2015, while still in state court, Plaintiffs served Lumber Liquidators with a variety of discovery requests, along with a proposed protective order.  (Dardarian Decl. ¶ 2.)  Plaintiffs also worked diligently to timely oppose Lumber Liquidators' motion to dismiss the *Balero* action, one day before Lumber Liquidators filed this motion for a stay of proceedings.  Further delay at this stage is unwarranted and unfair to Plaintiffs.

## IV. THE COURT SHOULD ENTER AN EVIDENCE PRESERVATION ORDER

To date, Lumber Liquidators has refused to stipulate to a request to the Court to enter an evidence preservation order.  An evidence preservation order is particularly critical given Lumber Liquidators' stated intention to send air quality kits to consumers who request them, conduct an evaluation of air quality and potential formaldehyde sources for any customer whose results are inconclusive or above established thresholds, and possibly remove and replace such customers' flooring.  (Dardarian Decl. ¶ 6.)  A preservation order is standard in products class actions where the defendant's customer service team is active throughout the course of the litigation.  *See, e.g.*, *In re Toyota Mot. Corp. Unintended Accel. Mktg, Sales Pracs. & Prods. Liab. Litig.,* 2010 WL 2901798, at *1, 6 (C.D. Cal. July 20, 2010) (entering document preservation order where defendant was engaged in ongoing collection of evidence regarding customer complaints about products); *In re Bridgestone/Firestone, Inc., Tires Products Liab. Litig.,* 2011 WL 6890672, at *4 (S.D. Ind. Dec. 30, 2011); *see also* Manual for Complex Litig. (4th) § 11.442, 2004 WL 258623, a *1 ("Before discovery starts, and perhaps before the initial conference, the court should consider whether to enter an order requiring the parties to preserve and retain documents, files, data, and records that may be relevant to the litigation. ...[I]t is advisable to discuss with counsel at the first opportunity the need for a

preservation order and, if one is needed, the scope, duration, method of data preservation, and other terms that will best preserve relevant matter without imposing undue burdens.") (footnote omitted).

Plaintiffs have asked Lumber Liquidators to stipulate to a draft preservation order. (Dardarian Decl. ¶ 4.) Lumber Liquidators did not respond to Plaintiffs' request, but it states in its motion that has already taken steps to ensure document preservation. Mot. at 5. Given Lumber Liquidators' stated willingness to preserve evidence, coupled with the urgent need to ensure that all ongoing customer service interactions involving the collection of and testing of sample flooring are preserved, Plaintiffs ask the Court to enter the proposed evidence preservation order submitted herewith. In the alternative, Plaintiffs ask the Court to order the parties to meet and confer regarding the evidence preservation order and to present a stipulated order, or the reasons for the failure to enter into such a stipulation, at the scheduling conference set by the Court.

### V.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court: deny Defendant's motion to extend time; order the parties to participate in scheduling conference to coordinate this and the related actions; and, enter an evidence preservation order.

Dated:  March 30, 2015   Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO

/s/ Linda M. Dardarian
Linda M. Dardarian

Attorneys for Plaintiffs