Linda M. Dardarian (SBN 131001)
ldardarian@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
Megan E. Ryan (SBN 264922)
mryan@gbdhlegal.com
William C. Jhaveri-Weeks (SBN 289984)
wjhaveriweeks@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800
Fax: (510) 835-1417

Michael R. Lozeau (SBN 142893)
michael@lozeaudrury.com
Richard T. Drury (SBN 163559)
richard@lozeaudrury.com
LOZEAU | DRURY LLP
410 12th Street, Suite 250
Oakland, CA 94607
Tel: (510) 836-4200
Fax: (510) 836-4205

Attorneys for Plaintiffs in *Balero v. Lumber Liquidators, Inc.*

FILED
MAY -8 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH MICHAEL BALERO, MICHAEL BALLERINI, AND LISA MILLER, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation, and DOES ONE through TEN inclusive,<br><br>Defendants. | Case No.: 3:15-cv-01005-JST<br><br>[~~PROPOSED~~] INTERIM ORDER RE PRESERVATION OF EVIDENCE<br><br>Dept: Courtroom 9, 19th Floor<br><br>Hon. Jon S. Tigar |

| | |
|---|---|
| MARIA CARMEN SMITH, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC., a Delaware Corporation, and LUMBER LIQUIDATORS HOLDINGS, INC. and DOES ONE through TEN inclusive,<br><br>    Defendants. | Case No.: 3:15-cv-01163-JST |
| RUSSELL A. EZOVSKI, DEVONNE BOWLING, and ROBERT SMITH, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC., LUMBER LIQUIDATORS HOLDINGS, INC., LUMBER LIQUIDATORS LEASING, LLC, and LUMBER LIQUIDATORS SERVICES, LLC,<br><br>    Defendants. | Case No.: 3:15-cv-01074-JST |
| SHELLY CONTE, MARK REYES, DANIEL TACKTILL, on behalf of themselves, and all others similarly situated and the general public,<br><br>    Plaintiffs,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC., a Delaware Corporation LUMBER LIQUIDATORS HOLDINGS, INC., a Delaware Corporation,<br><br>    Defendants. | Case No.: 3:15-cv-01012-JST |
| MARIA and ROMUALDO RONQUILLO wife and husband; ADRIANA and MARK SCOTTI, wife and husband; MONTY EARL, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation,<br><br>    Defendants. | Case No.: 3:15-cv-01209-JST |

[PROPOSED] INTERIM ORDER RE PRESERVATION OF EVIDENCE – CASE NO. 3:15-CV-01005-JST AND RELATED CASES

578317.1

| | |
|---|---|
| LIN DOSS, DEBORAH SAMPSON, DOUGLAS SAMPSON, SUSAN MCNUTT, DEREK BANKA, TABITHA MCHUGH, and GENEVA WARE, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>vs.<br><br>LUMBER LIQUIDATORS, INC., LUMBER LIQUIDATORS HOLDINGS, INC., LUMBER LIQUIDATORS LEASING, LLC, and LUMBER LIQUIDATORS SERVICES, LLC,<br><br>      Defendants. | Case No.: 3:15-cv-01225-JST |
| PATTY IRVING, an individual, and STACY HAHLEN, an individual, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br>vs.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation, and DOES 1 through 100,<br><br>      Defendants. | Case No.: 3:15-cv-01235-JST |
| JOSEPH A. DEL BRACCIO, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>vs.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation,<br><br>      Defendants. | Case No.: 3:15-cv-01249-JST |
| SALIL PRASAD, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br>vs.<br><br>LUMBER LIQUIDATORS, INC., a Delaware Corporation, LUMBER LIQUIDATORS LEASING, LLC, a Delaware Corporation, LUMBER LIQUIDATORS HOLDINGS, INC., a Delaware Corporation, LUMBER LIQUIDATORS SERVICES, LLC, a Delaware Limited Liability Company,<br><br>      Defendants. | Case No.: 3:15-cv-01315-JST |

| | |
|---|---|
| KAREN PESCE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation,<br><br>    Defendants. | Case No.: 3:15-cv-01321-JST |
| JOSHUA BERG, ELIZABETH DAVIS-BERG, JUDY HAPPE HUMES, SHERRY KISIELIUS, THERESA LABREE, BRANDON MCDONALD, SHARI ORLAND, CARRIE SCHAFER, CINDY TERRAZAS, and MICHAEL ZEBLEY, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation and LUMBER LIQUIDATORS HOLDINGS, INC., a Delaware Corporation,<br><br>    Defendants. | Case No.: 3:15-cv-01359-JST |
| BRUCE GUEST, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC.; LUMBER LIQUIDATORS LEASING, LLC; LUMBER LIQUIDATORS HOLDINGS, INC.; and LUMBER LIQUIDATORS SERVICES, LLC,<br><br>    Defendants. | Case No.: 3:15-cv-01363-JST |
| WILBUR JEFFRIES,<br><br>    Plaintiff,<br><br>vs.<br><br>LUMBER LIQUIDATORS, HOLDINGS, INC. ET AL.,<br><br>    Defendants. | Case No. 15-cv-01490-JST |

[PROPOSED] INTERIM ORDER RE PRESERVATION OF EVIDENCE – CASE NO. 3:15-CV-01005-JST AND RELATED CASES

578317.1

| | |
|---|---|
| JAMES SILVERTHORN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC., LUMBER LIQUIDATORS LEASING, LLC, LUMBER LIQUIDATORS HOLDINGS, INC., LUMBER LIQUIDATORS SERVICES, LLC<br><br>      Defendants. | Case No. 4:15-cv-01428-JST |
| PETER PICARD and SHERRY LIGGINS, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC., LUMBER LIQUIDATORS HOLDINGS, INC., LUMBER LIQUIDATORS LEASING, LLC, LUMBER LIQUIDATORS SERVICES, LLC<br><br>      Defendants. | Case No. 3:15-cv-01460-JST |
| LILA WASHINGTON, LAURA WASHINGTON, RYAN and KRISTIN BRANDT, KENNETH and CASANDRA BARRETT, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation,<br><br>      Defendant. | Case No. 5:15-cv-01475-JST |
| ERIC HALL, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC., LUMBER LIQUIDATORS HOLDINGS, INC., LUMBER LIQUIDATORS LEASING, LLC, LUMBER LIQUIDATORS SERVICES, LLC, and LUMBER LIQUIDATORS PRODUCTION, LLC,<br><br>      Defendants. | Case No. 3:15-cv-01558-JST |

| | |
|---|---|
| VALERIE CHAVEZ, ANTHONY CHAVEZ, JEWELIA CHAVEZ, by and through her Guardian ad Litem, Valerie Chavez, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br>vs.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation, and DOES ONE through TEN, inclusive,<br><br>　　　　Defendants. | Case No. 3:15-cv-01887-JST |

Plaintiffs in the above cases have submitted a proposed Interim Order for Preservation of Evidence to preserve evidence relevant to these related actions, which the Court now adopts as set forth herein (the "Order"). Plaintiffs and Defendant Lumber Liquidators, Inc. (collectively, the "Parties") have discussed their preservation obligations and needs and have agreed that preservation of potentially relevant evidence, including electronically stored information (ESI), will be reasonable and proportionate. This Order relates to document preservation including ESI, and samples as discussed herein and does not address the relevancy, discoverability, or admissibility of any evidence. Lumber Liquidators has not waived its position that these related cases should be transferred to the Eastern District of Virginia and that the terms of this Order may have to be revised in the event that the more than 90 cases now pending before the Judicial Panel on Multidistrict Litigation are centralized and transferred to a single district and judge. The Parties will continue to meet and confer as the case progresses and the Parties learn more about the scope of discovery or the nature of Lumber Liquidators' document storage systems, and any Party shall be free to seek amendment of this Interim Order.

One purpose of the present Order is to maintain the status quo until such time as the Judicial Panel on Multidistrict Litigation either selects a transferee court or denies the pending motion to coordinate. This Court, or a transferee court, may hereafter modify any term of this Order, including the terms regarding the temporal or subject matter scope of Lumber Liquidators' or its agents' obligation to maintain documents or information. Also, the terms of this Order regarding temporal and subject matter scope are intended to govern evidence preservation only, and do not constitute findings by the Court regarding any party or entity's obligation to produce documents in response to a future discovery request in this proceeding.

To reduce the costs and burdens of preservation and to ensure proper evidence is preserved, the Parties are ordered:

  1. To preserve all documents, electronically stored information, and tangible things[1] that

---

[1] As defined by Fed. R. Civ. P. 34.

contain information relevant to the related actions including information relating to Lumber Liquidators' indoor air quality testing program, such as protocols, communications, customer service logs and recordings, and test results. This Order incorporates by reference the preservation duties set forth in Section 40.25 ¶ 3 of the Manual for Complex Litigation, Fourth.

2.   That the relevant time period for these actions for preservation purposes only is, as a general matter, January 1, 2009 through the present day. The Parties will preserve documents that are relevant to activities implicated by these related actions during that time period. To the extent that relevant documents pre-dating that period exist, the Parties are obligated to identify and preserve those documents.

3.   That documents and ESI will be preserved for the following types of custodians:

   a.   Named plaintiffs.

   b.   Lumber Liquidators' employees or agents who are likely to have relevant information, such as marketing personnel, regulatory compliance personnel, scientific or engineering personnel, sales and finance personnel, and customer service or warranty personnel.

   c.   Manufacturing facilities, distributors, shippers, or any other party involved in the manufacturing, testing (for formaldehyde emissions), or shipping of the laminated flooring at issue to the extent said documents or ESI are within the possession, custody or control of Lumber Liquidators. To the extent that Lumber Liquidators has control over such entities and can require them to preserve said evidence, Lumber Liquidators is hereby ordered to do so, and shall be responsible for their compliance. In addition, to the extent that such entities are not within its control, Lumber Liquidators agrees to promptly request preservation of said documents or ESI. Within seven days of entry of this Order, Lumber Liquidators shall provide to all third parties likely to possess relevant evidence, whether they are under Lumber Liquidators' control or not, a written communication containing the language set forth in Exhibit A hereto. For entities located in China, Lumber Liquidators shall provide the Notice in English and Chinese.

4.   To preserve the flooring at issue as follows:

   a.   Lumber Liquidators will preserve and not destroy until plaintiffs' experts have had a reasonable opportunity to inspect or test, any Chinese-made laminated flooring that is the subject

of any warranty claim against Lumber Liquidators. This does not mean that Lumber Liquidators may not sell its products.

   b. Lumber Liquidators will preserve and not destroy until plaintiffs' experts have had a reasonable opportunity to inspect or test, any exemplars or samples that were provided to Lumber Liquidators by any Chinese manufacturer of the laminated flooring at issue.

   c. Lumber Liquidators will preserve and not destroy until plaintiffs' experts have had a reasonable opportunity to inspect or test, any laminated flooring manufactured in China that is currently warehoused or stored by Lumber Liquidators. This does not mean that Lumber Liquidators may not sell its products.

   d. From the date that the Court signs this Order, named plaintiffs will not remove or replace their Lumber Liquidators' flooring without preserving samples of the flooring that they have removed or replaced.

   e. The parties shall meet and confer regarding an acceptable protocol on the storage of any preserved samples or flooring.

  5. The parties recognize that some data sources may not be reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved, but not searched, reviewed, or produced. Lumber Liquidators will have the burden to establish a data source as not reasonably accessible. The Parties will meet and confer at a later date to discuss whether such data sources exist. The plaintiffs do not waive any right to dispute the inaccessibility of the data or to argue that no cost shifting should occur even if the data is deemed to be not reasonably accessible.

**IT IS SO ORDERED.**

Dated: May 8, 2015

                Honorable Jon S. Tigar

# EXHIBIT A

### Notice Re: Need to Preserve Evidence Relevant to Formaldehyde Use/Testing in Lumber Liquidators' Laminate Flooring Products Originating in China

On [*date*], Lumber Liquidators, Inc. ("Lumber Liquidators") was ordered by a judge of the United States District Court for the Northern District of California to **preserve evidence of any kind (including electronic documents, such as e-mails)** that may be relevant to lawsuits pending against Lumber Liquidators, including *Balero et al. v. Lumber Liquidators, Inc.*, 3:15-cv-01005-JST (N.D. Cal.) and a number of related cases. The lawsuits allege that Lumber Liquidators sells **laminated wood flooring products** in the United States that emit **formaldehyde** at levels exceeding the limits set by the California Air Resources Board ("CARB"). Specifically, the claims in the lawsuits apply to laminate flooring products made with **medium density fiberboard ("MDF") produced in China**. The lawsuits also allege that Lumber Liquidators falsely advertises all of its Chinese-manufactured laminated flooring products as compliant with CARB's regulations, and that Lumber Liquidators is liable for fraud, negligence, breach of contract, breach of warranty, and other alleged violations of law. Lumber Liquidators strongly disputes these allegations, nonetheless, the law obligates Lumber Liquidators to preserve evidence that may be relevant to this litigation; therefore, in addition to requiring its agents, employees, and others under its control to preserve relevant evidence, Lumber Liquidators is also asking third parties to preserve documents in accordance with this notice.

The types of documents, data and tangible things ("evidence") that Lumber Liquidators has been ordered to preserve include, but are not limited to, the following:

- Evidence related to the sourcing, manufacture, and sale of Chinese-made MDF used in laminated flooring products offered for sale by Lumber Liquidators, including financial records and documents showing the specifications and manufacturing process of such MDF.

- Documents and other evidence related to any tests of formaldehyde emissions from any products or components of products containing Chinese-made MDF used in laminated flooring products offered for sale by Lumber Liquidators, including communications with Lumber Liquidators employees or agents concerning testing of formaldehyde emissions.

- Documents related to compliance with CARB's formaldehyde emissions as it relates to MDF used in products manufactured for, distributed to, sold to, or sold by Lumber Liquidators, including any related communications with Lumber Liquidators employees or agents. This includes, but is not limited to, documents related to the preparations made by or on behalf of Lumber Liquidators to meet the CARB formaldehyde emissions standards as those standards apply to Chinese-made laminated flooring products.

- Documents related to Lumber Liquidators' quality assurance measures, quality control measures, site inspections, or any other oversight by Lumber Liquidators, or it agents with respect to any facilities used to produce or test MDF laminated flooring products made in China.

- Documents and other evidence related to Lumber Liquidators' indoor air quality testing program. Relevant information includes, but is not limited to, communications with customers, communications with Lumber Liquidators (including its attorneys, consultants, and agents), communications with other laboratories, consultants, or entities, test results, samples, log records, and lab analyses.

The Court's Order extends to documents dating back to January 1, 2009, or earlier if the documents pertain to important issues in the lawsuits, such as Lumber Liquidators' preparation for the implementation of the CARB regulations governing formaldehyde emission levels from flooring made with MDF.

**Until further notice,** you, your employees, your agents, and any other individuals or entities within your control **must preserve** any and all documents, data, and tangible things in your possession, custody or control that contain information that may be relevant to the lawsuits, as described above.

"Documents, data, and tangible things" is to be interpreted broadly to include: writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; E-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video; phonographic tape; or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

"Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be relevant to the above-mentioned lawsuits. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible. If your business practices involve the routine destruction, recycling, relocation, or mutation of such materials, you must, to the extent practicable for the pendency of the related cases, either halt such business processes, sequester or remove such material from the business process, or arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

Thank you for your cooperation.